402 So.2d 518 (1981)
George JOHNSON, Appellant,
v.
R.H. DONNELLY COMPANY and Hartford Insurance Group, Appellees.
No. XX-316.
District Court of Appeal of Florida, First District.
August 13, 1981.
Rehearing Denied September 11, 1981.
*519 Jerold Feuer, Miami, for appellant.
Mark L. Zientz, of Williams & Zientz, Coral Gables, for appellees.
Michael J. Rudicell, Lakeland, for amicus curiae Department of Labor and Employment Security.
Mary Ann Stiles, Boca Raton, for amicus curiae Associated Industries of Florida.
MILLS, Judge.
Appealing from the deputy commissioner's denial of a joint settlement agreement, appellant-claimant, George Johnson, challenges the constitutionality of Section 440.20(12)(a), Florida Statutes (1979), which prohibits the release of an employer-carrier's liability for future medical expenses. The grounds asserted in the challenge are that the statute unconstitutionally prohibits the parties from settling their differences, thus, violates the access to courts provision of the Florida Constitution and the impairment of contract provisions of both the Florida and the United States Constitutions. Finally, it is asserted that the statute is an improper exercise of the state's police power. We affirm the deputy commissioner's denial and hold that Section 440.20(12)(a), Florida Statutes (1979), is constitutional.
Three procedural notes need to be made. First, when the appeal was initially filed in this case, R.H. Donnelly Company and Hartford Insurance Group were appellants and George Johnson was appellee. Subsequently, Donnelly, Hartford and Johnson filed a joint brief urging the unconstitutionality of the statute. Then, shortly before oral argument was to be heard, the then-appellants filed a notice of voluntary dismissal and the then-appellee filed a motion for realignment of parties. We granted Johnson's motion for realignment of parties and redesignated Johnson as appellant and treated Donnelly and Hartford's motion as a motion for voluntary dismissal as appellants, granted it, and realigned and redesignated Donnelly and Hartford as appellees. Donnelly and Hartford chose not to participate in oral argument.
Second, upon determining the importance of the issue raised in this case to workers' compensation litigants in the state, this court issued an order inviting interested parties to participate in this appeal as amicus curiae. Associated Industries of Florida accepted that invitation and has assisted the court by filing a brief and presenting oral argument, taking the position that the subject statute was constitutional.
Third, the Department of Labor and Employment Security entered this cause as a party appellee pursuant to Section 440.271, Florida Statutes (Supp. 1980). However, the language in Section 440.271 which provides that the Department shall be a party to appeals to this court from orders of deputy commissioners was enacted as Section 10 of Chapter 80-236, Laws of Florida, and was, by the terms of Section 29 of Chapter 80-236, Laws of Florida, applicable to all claims for injury arising out of accidents occurring on or after July 1, 1980. Since the date of accident in the instant case is August 20, 1979, we have determined that the Department is not properly a party appellee in this action. We have chosen to treat the Department's very helpful brief and its oral argument in support of the constitutionality of the statute as those of an amicus curiae.

ACCESS TO COURTS
Johnson urges that Section 440.20(12)(a) violates the access to courts provision of Article I, Section 21, of the Florida Constitution. We disagree.
*520 Access to courts guarantees the continuation of common law causes of action and those causes of action may be altered only if there is a reasonable substitution which protects the persons protected by the common law remedy. Kluger v. White, 281 So.2d 1 (Fla. 1973). In Kluger, the court specifically held:
Workmen's compensation abolished the right to sue one's employer in tort for a job-related injury, but provided adequate, sufficient, and even preferrable safeguards for an employee who is injured on the job, thus satisfying one of the exceptions to the rule against abolition of the right to redress for an injury. 281 So.2d at 4.
The subject statute does not deprive the parties of a cause of action or a right to sue without other remedy; it in no way deprives the employee of a right to compensation for a work-related accident, nor does it deprive the employer of the protection against suit in tort by the employee because of a work-related accident.
In Kluger, supra, the no-fault statute prohibited a right of action in tort for property damage in the amount of less than $550 and was held unconstitutional because it was a complete deprivation of the right of a party to sue for such injury and was not simply the replacement of one remedy for another. Similarly, in Walker & LaBerge, Inc. v. Halligan, 344 So.2d 239 (Fla. 1977), the Florida Supreme Court struck down a statutory provision which prohibited a third party tortfeasor from suing the employer because it deprived the third party tortfeasor of all rights of indemnity when the employee is injured in an industrial accident. Finding that the statute gave benefits and protections to the employee and the employer, but that it did not extend any benefits or protections whatsoever to the third party tortfeasor, the court held the statute unconstitutional as a deprivation of access to courts.
On the other hand, in cases where the statutes have put limitations on causes of action, they have not been found unconstitutional. For example, in McMillan v. Nelson, 5 So.2d 867, 149 Fla. 334 (Fla. 1942), the Supreme Court found that the guest statute was not an unconstitutional deprivation of access to courts because although it did place a high degree of care on a driver relative to a paying passenger as opposed to a gratuitous one, it did not bar the right to sue altogether and the court found that the classification was neither unreasonable nor arbitrary. Similarly, in Carter v. Sims Crane Service, Inc., 198 So.2d 25 (Fla. 1967), the court held that a statutory provision that a subcontractor is deemed to be the same person as the employer and that workers' compensation was the exclusive remedy for injuries to employees was not unconstitutional because under the common employment doctrine the immunity of the subcontractor was based upon or reasonably related to liability for injury. The court also held that the provision did not violate the constitutional due process clauses or the requirement of equal protection of the laws because it was based on legitimate classifications and did provide for a remedy against any injury. For a thorough and insightful discussion of the access to courts provision of the Florida Constitution, see Note, Article I, Section 21: Access to Court in Florida, 5 F.S.U.L.Rev. 871 (1977).
In the instant case the subject statute does not preclude settlement based on all factors other than future medical needs and does not prohibit compensation to the employee for future medical needs but simply requires that it be paid on a periodic, as needed, basis.

IMPAIRMENT OF CONTRACT
Johnson's second contention is that Section 440.20(12)(a) violates the "right to contract" clauses of both the federal and state constitutions because it deprives the parties of the right of compromise and settlement of a claim.
Article I, Section 10, of both the Florida Constitution and the United States Constitution prohibits any law which is an ex post facto law or a law "impairing the obligation of contracts." A reading of the *521 exact wording indicates that the constitutions do not provide a "right to contract," that is, the right of individuals to enter into any contract that they wish and then have the state enforce it, rather they simply prevent the state from imposing a law which impairs the obligation of contracts. As stated in Manning v. Travelers Insurance Co., 250 So.2d 872 (Fla. 1971),
In order for a statute to offend the constitutional prohibition against enactment of laws impairing the obligation of contracts, the statute must have the effect of rewriting antecedent contracts, that is, of changing the substantive rights of the parties to existing contracts. [Cites omitted] The guaranty of liberty of contract was never intended to withdraw from legislative supervision the making of contracts or deny the government the power to provide restrictive safeguards. 250 So.2d at 874.
In the instant case, the statute at issue is not a retroactive law changing rights under existing contracts because the amendment to the workers' compensation law at issue applied only to accidents occurring on or after the effective date of the act. Ch. 79-40, § 127, Laws of Fla. This is consistent with the ruling in Sullivan v. Mayo, 121 So.2d 424 (Fla. 1960), that the acceptance of the workers' compensation law constitutes a contract between the parties which embraces the provisions of the law as of the time of the injury.
Having determined that the subject statute does not impair contracts, we need not decide whether the compelling state interest test would be applicable if it did constitute impairment of contracts. Suffice it to say that none of the cases cited by Johnson in support of his contention that compelling state interest is the proper test is a contract case. The cases cited involve access to courts, equal protection, Sunspan Engineering and Construction Co. v. Spring-Lock Scaffolding Co., 310 So.2d 4 (Fla. 1975), and attempts by the state to destroy private property without payment of compensation. Brazil v. Division of Administration, State Department of Transportation, 347 So.2d 755 (Fla. 1st DCA 1977); Corneal v. State Plant Board, 95 So.2d 1 (Fla. 1957), modified, 101 So.2d 371 (Fla. 1958).

POLICE POWER
Johnson's third contention is that the subject statute is an improper exercise of the state's police power. Conceding that workers' compensation in general is a proper subject for the application of the police power, Johnson urges that such action is allowed to be only regulatory, not confiscatory, and that the subject statute is confiscatory.
Regarding the standard by which the court must measure the exercise of police power, in Larson v. Lesser, 106 So.2d 188 (Fla. 1958), the Florida Supreme Court stated that there is no absolute freedom of contract but nevertheless freedom of contract is a general rule and restraint is the exception and the exercise of police power must be based on the necessity to protect the public morals, health, safety or welfare. Contrasted with this, in Sunspan, supra, talking about an abolition of a right to sue, the Supreme Court stated that Kluger set forth an overpowering or compelling necessity requirement. Since there is no denial of access to courts, it does not appear the compelling necessity test is applicable in this case. Accordingly, the test to be applied is whether the regulation is necessary for the public welfare.
In his treatise on workers' compensation, Professor Larson discusses the public interest in restrictions on settlements, pointing out that in workers' compensation law one is not interested solely in the independent rights of the litigants, but one needs to realize that the entire system is set up and paid for by the public and has been set up for the protection of the public by avoiding having "the disabled victims of industry thrown on private charity or public relief." For this reason, Larson states, "It follows, then, that the employer and employee have no private right to thwart this objective by agreeing between them on a disposition of the claim that may, by giving *522 the workman less than this amount, make him a potential public burden." 3 A. Larson, Law of Workmen's Compensation, § 82.41 (1976). Larson further points out that it may never be in the claimant's best interest to wash out future medical benefits and that, in fact, the model workers' compensation law does not permit such a washout. Larson, § 82.50.
The Department urges the ban on washouts serves a dual public purpose: (1) it forces the injured worker and the carrier to litigate claims where the true issue in dispute is compensability (the public has an interest in seeing that only claims which are compensable are paid), and (2) it prevents the worker from waiving future medical benefits during a period of good health with the result that eventually he becomes a burden on society.
Furthermore, another statement of the reason for the prohibition of lump sum settlement of medical benefits is set forth in Sadowski, Herzog, Butler and Gokel, The 1979 Florida Workers' Compensation Reform: Back to Basics, 7 F.S.U.L.Rev. (1979): "Just as it was illogical to base compensation upon prospective wage earning capacity under the prior law, it is illogical to pay a lump sum benefit shortly after an injury has occurred when the future effects of the injury are unknown." The article points out the potential problem which would occur if the lump sum settlement resulted in overpayment of claims or a payment of unjustified claims, as well as underpayment for the most serious injuries. The authors assert, "Proceeding on the theory that workers' compensation is intended to supplement the lost wages of an injured worker, the new law states that, as a matter of public policy, it is in the best interest of an injured worker to receive disability payments on a periodic basis." See 440.20(12)(a), Fla. Stat. (1979).
Our review of the authorities cited to us and discovered by us, as well as the statement of public policy in the law itself convinces us that the determination to prohibit washout settlements of future medical benefits was a policy decision that was within the authority of the Legislature to make as being necessary to protect the public welfare. We reject Johnson's contention that the subject statute is confiscatory; it does not affect the right to make or receive compensation but simply controls the manner in which medical benefits shall be paid, namely, on a periodic rather than a lump sum basis.
Accordingly, we hold that Section 440.20(12)(a), Florida Statutes (1979), is constitutional.
ERVIN, J., and LILES, WOODIE A. (Retired), Associate Judge, concur.