513 So.2d 187 (1987)
GREAT BAY DISTRIBUTORS and Gulf Insurance Company, Appellants,
v.
Craig N. EVERETT, Appellee.
No. BQ-348.
District Court of Appeal of Florida, First District.
September 9, 1987.
Gary W. Nicholson of Carson, Guemmer & Nicholson, Tampa, for appellants.
Nancy L. Cavey, St. Petersburg, for appellee.
ERVIN, Judge.
The employer/carrier (e/c) raises two issues in this workers' compensation appeal. We affirm as to both.
First, the e/c argues that the deputy commissioner (dc) erred in refusing to honor a waiver agreement signed by claimant for future medical benefits. We disagree. Claimant in this case signed two waivers of future benefits. The first waiver, which was for all past and future benefits (specifically excepting future medical benefits) in exchange for a lump sum settlement of $7,500, was submitted to and approved by the dc. The second waiver, signed by the claimant on the same day as the first, but never presented to the dc for approval, was a release of all past and future medical expenses. The dc refused to enforce the waiver of future medical expenses, concluding that Section 440.20(12), Florida Statutes, does not permit such a waiver.[1] We agree. Section 440.20(12)(a), Florida Statutes, prohibiting lump sum payments in exchange for the release of an employer's or carrier's liability for future medical expenses has been upheld as constitutional by this court in Johnson v. R.H. Donnelly Co., 402 So.2d 518 (Fla. 1st DCA 1981), review denied, 415 So.2d 1360 (Fla. 1982). The waiver of future medical expenses in the instant case clearly conflicts with public policy, as reflected in the statutory prohibition, and is void.
Second, the e/c argues that it is not responsible for medical expenses that are primarily cosmetic in nature. Again we disagree. The purpose of the order directing the e/c to reimburse claimant for the cost of plastic surgery was to correct facial disfigurement that occurred as a result of *188 the industrial accident. The dc's order cites 2 A. Larson, The Law of Workmen's Compensation § 61.13(f), which approves the award of compensation benefits for such purpose. We agree that the use of plastic surgery is under the circumstances legislatively contemplated by Section 440.13(2)(a), Florida Statutes, providing that "the employer shall furnish to the employee such medically necessary remedial treatment, care, and attendance by a health care provider and for such period as the nature of the injury or the process of recovery may require...."
AFFIRMED.
SMITH, C.J., and MILLS, J., concur.
NOTES
[1] Section 440.20(12), Florida Statutes, states in pertinent part: "In no case may a lump sum payment be allowed in exchange for the release of an employer's or carrier's liability for future medical expenses."