573 So.2d 100 (1991)
Helen MUSGROVE, Appellant,
v.
CHILDREN'S HOME SOCIETY and Reliance Insurance Company, Appellees.
No. 90-1409.
District Court of Appeal of Florida, First District.
January 3, 1991.
John V. Doyle, Daytona Beach, for appellant.
C. Thomas Ferrara of C. Thomas Ferrara, P.A., Altamonte Springs, for appellees.
BARFIELD, Judge.
Claimant appeals a workers' compensation order denying her Motion for Modification and Motion to Set Aside Order. She asserts, and we agree, that the Judge of Compensation Claims (JCC) erred in denying relief from a lump sum settlement and *101 stipulation which purports to impose limits on the employer's and carrier's (EC's) liability for claimant's future medical expenses in contravention of § 440.20(12)(a), Fla. Stat.
The medical benefits for which the EC is responsible include medical treatment and care, as well as medicines, pursuant to § 440.13, Fla. Stat. Section 440.20(12)(a), Fla. Stat., authorizes lump sum payments in exchange for the EC's release from liability for "future payments of compensation ... [and other] expenses other than for medical expenses ..." Payments for medical services are not "compensation" under Chapter 440. Smith v. General Conference of Seventh Day Adventists, 535 So.2d 611 (Fla. 1st DCA 1988). Therefore the prohibition of § 440.20(12) clearly precludes a claimant from accepting a lump sum payment in exchange for any limitation on future medical care or medication. If the EC is concerned with claimant's overutilization of any health care professional, they can avail themselves of the remedies afforded by § 440.13(2)(a), Fla. Stat. See also Lamounette v. Akins, 547 So.2d 1001 (Fla. 1st DCA 1989).
Lump sum settlements are void as against public policy if they undertake to limit the EC's responsibility for future medical expenses contrary to § 440.20(12). Great Bay Distributors v. Everett, 513 So.2d 187 (Fla. 1st DCA 1987). Although Great Bay Distributors involved an attempted waiver of all future medical expenses, an attempted partial waiver is similarly void. We therefore reverse and remand to the JCC for reconsideration in light of our holding, and so that she can sort out which aspects of the agreement, if any, are severable and, within her discretion, afford the parties the opportunity to enter into a corrected settlement agreement.
REVERSED and REMANDED with directions.
SMITH and WOLF, JJ., concur.