670 So.2d 73 (1996)
HERTZ RENT-A-CAR and Hertz Claim Management, Appellants,
v.
Ruben SOSA, Appellee.
No. 94-4234.
District Court of Appeal of Florida, First District.
January 26, 1996.
Opinion Denying Rehearing March 20, 1996.
*74 Mary E. Cruickshank of McConnaughhay, Roland, Maida & Cherr, Tallahassee, for Appellants.
T. Rhett Smith of Kinsey, Troxel, Johnson & Walborsky, P.A., Pensacola, for Appellee.
BARFIELD, Judge.
The self-insured employer appeals from a workers' compensation order awarding temporary total disability (TTD) benefits during a period of training and education pursuant to section 440.49(1)(d), Florida Statutes (Supp.1990). The employer argues that the Judge of Compensation Claims (JCC) erred as a matter of law in his interpretation of section 440.20(12)(a), Florida Statutes (Supp. 1990), as prohibiting settlement of TTD benefits during periods of training and education under section 440.49(1)(d), that his factual findings are not supported by competent substantial evidence, that he erred in failing to rule that the claimant was estopped from attacking the parties' settlement agreement, and that he departed from the essential requirements of law in considering matters not contained in the "clear and unambiguous" settlement agreement. We affirm the JCC's interpretation of section 440.20(12)(a), but find that the claimant is estopped from attacking the parties' settlement agreement, and that the other issues are mooted by these rulings or are without merit.
The claimant injured his back in March 1992, was released to light duty work in June 1992, and reached maximum medical improvement in February 1993 with a 7% permanent impairment and restrictions on lifting, bending, and stooping. In August 1993, the parties entered into a lump sum settlement agreement, approved by the JCC, which was purportedly "made for the specific purpose of discharging the Employer/Carrier (Servicing Agent) for (sic) any further liability for future compensation but not for medical treatment and for rehabilitation benefits as defined under F.S. 440.49(1)(a)(1989) (sic) in exchange for the payment of a lump-sum of money to the Employee." The stipulation stated the employer
... will pay to the Employee $25,000.00 in full satisfaction of the obligation or liability to pay monetary compensation benefits on account of disability, death and impairment as set forth under Sections 440.15, 440.16 and 440.49 Florida Statutes, on account of the work related accident or occupational disease referenced herein. As contemplated by this agreement, monetary compensation benefits and impairment benefits include but are not necessarily limited to compensation for permanent total disability, temporary total disability, temporary partial disability, wage-loss benefits, impairment benefits, death benefits and rehabilitation temporary total benefits....
It stated that the employer would still be required to provide any future remedial or palliative medical care under section 440.13, and that the claimant would retain the right to apply to the Division of Workers' Compensation "for appropriate retraining and education under F.S. 440.49(1)(a)(1989) (sic)."
Until 1989, when chapter 440 was extensively amended, section 440.49(1)(a), Florida Statutes, entitled an injured employee to "prompt rehabilitation services" and required the employer or the carrier to provide "appropriate training and education for suitable gainful employment." It also provided that the employer or carrier "may cooperate with federal and state agencies for vocational education and with any public or private agency cooperating with such federal and state agencies in the vocational rehabilitation of such injured employees." Section 440.49(1)(d) provided (in pertinent part):
When it appears that rehabilitation is necessary and desirable to restore the injured employee to suitable gainful employment, the employee shall be entitled to reasonable and proper rehabilitation services for a period not to exceed 26 weeks, which period may be extended for an additional period not to exceed 26 additional weeks, if such extended period is determined to be necessary and proper by the deputy commissioner.
Section 440.49(1)(e) provided (in pertinent part):

*75 ... Temporary disability benefits paid pursuant to s. 440.15(2)(a) and (4) shall include ... such period as the employee may be receiving training and education under a rehabilitation program pursuant to paragraphs (1)(a) and (d)....
Section 16, chapter 89-289, Laws of Florida, amended section 440.20(12)(a), which states the policy for administration of the workers' compensation system (emphasis denotes language added):
... that it is in the best interests of the injured worker that he receive disability or wage-loss payments periodically. Lump-sum payments in exchange for the employer's or carrier's release from liability for future payments of compensation, death benefits, and rehabilitation expenses other than for medical expenses shall be allowed only under special circumstances, as when the claimant can demonstrate that lump-sum payments will definitely aid in his rehabilitation or are otherwise clearly in his best interests and that lump-sum payments will avoid undue expense or undue hardship to any party, or that such claimant has removed himself or is about to remove himself from the state. In no case may a lump-sum payment be allowed in exchange for the release of the employer's or carrier's liability for future medical expenses and training and education ...
Section 24, chapter 89-289, Laws of Florida, amended section 440.49(1), which remained entitled "Rehabilitation of Injured Employees." Under amended subsection (a), an injured employee is entitled to "appropriate training and education" and the Division of Workers' Compensation is required to provide "appropriate training and education for suitable gainful employment" upon the request of the employee, the employer, or the carrier. The subsection also provides that the Division "may cooperate with federal and state agencies for training and education and with any public or private agency cooperating with such federal and state agencies in the training and education of such injured employees." The above-quoted pre-amendment language in section 440.49(1)(e) was stricken and section 440.49(1)(d) was amended to provide:
When it appears that training and education are necessary and desirable to restore the injured employee to suitable gainful employment, the employee shall be entitled to be paid by the employer additional compensation for temporary total disability during such period as the employee may be receiving training and education under a program pursuant to this section for a period not to exceed 26 weeks, which period may be extended for an additional period not to exceed 26 weeks, if such extended period is determined to be necessary and proper by the judge of compensation claims.
Section 12, chapter 89-289, Laws of Florida, amended section 440.15(2) to add subsection (c), which provides that TTD benefits "... shall include such period as the employee may be receiving training and education under a program pursuant to s. 440.49(1)."
Interpretation of the prohibition in the amended statute against lump sum payment for "training and education" requires a determination of what the legislature intended thereby, for which we must read the pertinent statutory provisions in pari materia. In the same bill amending chapter 440, the legislature transferred the obligation to provide training and education to the Division of Workers' Compensation, but left with the employer the obligation to pay "additional compensation for temporary total disability during such period as the employee may be receiving training and education under a program pursuant to this section." There appear to be three possible explanations for this ambiguity in the statute, none of which are buttressed in this record with any evidentiary presentation of legislative history.
The first suggestion, offered by the employer, is that the legislature intended to prohibit the employer from settling the Division's obligation to provide training and education. We reject this reasoning because it is inconsistent with the grammatical structure of the enactment and because it is illogical to suppose that the legislature would prohibit the employer from settling a matter over which it has no control.
The second possible explanation considered by this Court is that the legislature, in *76 its continuing refinement of workers' compensation law, first changed "rehabilitation," the obligation of the employer, to "training and education" and provided that the employer, which previously could have settled its liability for this obligation, may no longer do so and then, forgetting that it had precluded settlement of the employer's obligation to provide training and education, it transferred the obligation for training and education to the Division. As reasonable and appealing as this argument may appear, we reject it in favor of the third possible explanation, the ruling of the JCC, because the latter is in keeping with the large body of jurisprudence which mandates that courts attribute meaning and purpose to the acts of the legislature.
We therefore hold that the legislature intended to include temporary total disability compensation payable pursuant to section 440.49(1)(d), Florida Statutes (Supp.1990), within the obligation for "training and education" and intended that this part of the obligation remain the responsibility of the employer. We conclude that the JCC properly interpreted section 440.20(12)(a) as indicating the legislature's intention that lump sum settlements not be allowed in exchange for release of the employer's liability for payment of "additional compensation for temporary total disability during such period as the employee [is] receiving training and education" under a program pursuant to section 440.49(1)(d). We note that the legislative intent of amended section 440.20(12)(a) would be entirely frustrated if the employer were allowed to contract with the claimant for release of its remaining liability under section 440.49(1)(d).
Having approved the JCC's interpretation of section 440.20(12)(a), we hold that he improperly rejected the employer's argument that the claimant is estopped by the plain language of the settlement agreement he signed from claiming the additional benefits he sought under section 440.49(1)(d). The claimant entered into a settlement agreement which paid him a substantial sum of money, in part for a release of any claim for compensation benefits pursuant to section 440.49 and for "rehabilitation temporary total benefits." Under the particular facts of this case, the claimant will not be permitted to claim additional compensation from the employer.
AFFIRMED in part and REVERSED in part.
ALLEN, J., concurs.
SHIVERS, Senior Judge, dissents, with written opinion.
SHIVERS, Senior Judge, dissenting.
I respectfully dissent and would affirm the November 29, 1994, order awarding TTD benefits during a period of training and education pursuant to section 440.49(1)(d), Florida Statutes (Supp.1990).
I concur in Judge Barfield's well-written opinion save for the last full paragraph in which the majority concludes that claimant is estopped from asserting such claim.
Section 440.20(12)(a) specifically provides:
... In no case may a lump-sum payment be allowed in exchange for the release of the employer's or carrier's liability for future medical expenses and training and education.

(Emphasis supplied.) It is my belief that the JCC did not err in awarding training and education benefits and that claimant is not estopped from asserting his claim. The lump-sum payment did not include a release of claim for those benefits anymore than it included a release of claim for future medical expenses. The parties entered into a stipulation for settlement. The law in effect at the time a contract is entered into becomes incorporated within that contract and the parties are presumed to act within the scope of applicable law. See Florida Beverage Corporation v. Division of Alcoholic Beverages and Tobacco, 503 So.2d 396 (Fla. 1st DCA 1987). As the Supreme Court of Florida held in Board of Public Instruction v. Town of Bay Harbor Islands, 81 So.2d 637 (Fla. 1955), the constitution and law of Florida are a part of every Florida contract. Even if this were not so, the JCC did not err in finding that there is no evidence the parties had specifically bargained for a release of training and education TTD benefits. The *77 claimant is not estopped from asserting his claim for these benefits.

ON MOTION FOR REHEARING
PER CURIAM.
The claimant moves for rehearing, relying upon cases such as Musgrove v. Children's Home Society, 573 So.2d 100 (Fla. 1st DCA 1991), wherein we held that the judge of compensation claims erred in failing to set aside a lump sum settlement which included a statutorily prohibited settlement of Musgrove's right to future medical care. But the claimant herein is not similarly situated because he has not sought to set aside the lump sum settlement. Rather, he has sought to retain the benefits of his settlement and secure additional benefits pursuant to section 440.20(12)(a). We have merely held that he is estopped to continue to assert his rights under the lump sum settlement and seek additional benefits pursuant to section 440.20(12)(a).
The motion for rehearing is denied.
BARFIELD and ALLEN, JJ., and SHIVERS, Senior Judge, concur.