BENTON, J.
Miriam Perez appeals denial of a petition for medical benefits. The judge of compensation claims concluded that her “claim for plastic surgery does not meet the statutory definition of ‘medically necessary’.” We reverse and remand with directions that the judge of compensation claims enter an order requiring her employer and its workers’ compensation insurance carrier to provide the surgery that she seeks.
Ms. Perez accidentally cut her leg on November 16, 1995, while at work for United Parcel Service (UPS). Accepting the injury as compensable, UPS and Liberty Mutual provided medical care, including treatment for infection that developed. When the laceration healed, a scar remained on the medial aspect of her left knee. Ms. Perez then requested plastic surgery to reduce the size of the scar, which measures approximately three centimeters by five centimeters. Litigation followed denial of this request.
That Ms. Perez’s scar is attributable to her industrial accident is conceded. At issue is when the Workers Compensation Law requires an employer to provide cosmetic surgery to reverse or attenuate disfigurement attributable to an industrial accident. The question turns on whether such surgery is “medically necessary.” Under the statute, the employer must furnish
any medical service or medical supply which is used to identify or treat an illness or injury, is appropriate to the patient’s diagnosis and status of recovery, and is consistent with the location of service, the level of care provided, and applicable practice parameters. The service should be widely accepted among practicing health care providers, based on scientific criteria, and determined to be reasonably safe. The service must not be of an experimental, investigative, or research nature, except in those instances in which prior approval of the Agency for Health Care Administration has been obtained.
*424 Section 440.13(l)(m), Florida Statutes (1995). Testimony that the surgery was “appropriate to the patient’s diagnosis and status of recovery” was unrefuted. According to Dr. Hirschfeld, the only plastic surgeon who testified before the judge of compensation claims, scar revision is a common procedure and, if Ms. Perez desires an aesthetic improvement, the procedure proposed is reasonable in her case.
Dr. Hirschfeld also testified, however, that the cosmetic surgery Ms. Perez has requested was not “medically necessary.” When considered in context, “unquestionably he was speaking in terms of life and death, and was not applying the legal standard contained in section 440.13(2)(a), Florida Statutes (1991), authorizing necessary medical treatment as the nature of the injury and the process of recovery would require.” Bradley v. Kraft Foods, Inc., 609 So.2d 748, 751 (Fla. 1st DCA 1992). Dr. Hirschfeld’s testimony is not determinative as to whether revising Ms. Perez’s scar is medically necessary under the statute.
UPS and Liberty Mutual seem to contend that Ms. Perez is not entitled to improve the appearance of her leg at their expense unless this would also improve her “employability.” While it is true that Ms. Perez made no showing that the cosmetic surgery she seeks would increase her job prospects, we conclude that such a showing was not necessary. We said in Great Bay Distributors v. Everett, 513 So.2d 187, 187-88 (Fla. 1st DCA 1987):
Second, the e/c argues that it is not responsible for medical expenses that are primarily cosmetic in nature. Again we disagree. The purpose of the order directing the e/c to reimburse claimant for the cost of plastic surgery was to correct facial disfigurement that occurred as a result of the industrial accident. The dc’s order cites 2 A. Larson, The Law of Workmen’s Compensation § 61.13(f), which approves the award of compensation benefits for such purpose. We agree that the use of plastic surgery is under the circumstances legislatively contemplated by Section 440.13(2)(a), Florida Statutes, providing that “the employer shall furnish to the employee such medically necessary remedial treatment, care, and attendance by a health care provider and for such period as the nature of the injury or the process of recovery may require.... ”
We thus held the employer responsible for medical expenses “primarily cosmetic in nature.” We agree with the Supreme Court of Tennessee that “when reconstructive surgery or other treatment will be reasonably effective in improving a permanent disfigurement resulting from a work related injury, such surgery or other treatment is ‘reasonably required’ ... even in the absence of vocational impairment.” Wilkes v. The Resource Auth. of Sumner County, 932 S.W.2d 458, 461 (Tenn.1996). Similar views have been expressed in other jurisdictions:
The purpose of any surgical procedure is the effort to restore the injured employee to as nearly normal and natural condition as is possible and practicable. The fact some operative procedures are solely for the purpose of making the injured employee more presentable physically cannot reasonably be considered as outside the purview of the statute requiring additional medical treatment which may be awarded ... as reasonably necessary.
Akers Auto Salvage v. Waddle, 394 P.2d 452, 455 (Okla.1964). See also Hanks v. CRC Holston, Inc., 430 So.2d 1340 (La.Ct.App.1983); Carver v. Sparta Elec. Sys., 690 S.W.2d 218 (Tenn.1985); Whitaker v. Church’s Fried Chicken, 373 So.2d 1371, 1375 (La.Ct.App.1979) (“We cannot believe that the legislature of this state could have ever intended that only that medical treatment necessary to alleviate the employee’s disability was required to be paid. As in the instant case, where there is extensive scarring which does not cause any work disability, and which can be corrected by surgical procedure, we conclude that the legislature intended such to be covered by La.R.S. 23:1203. Therefore, we amend the judgment of the trial court to award future medical payments as they become necessary.”). We are not concerned here with a first party claim against a health insurer. Cf. Century Medical Health Plan, Inc. v. North Shore Med. Ctr., Inc., 688 So.2d 977 (Fla. 3d DCA 1997). Ms. Perez’s situa *425 tion more closely resembles that of a plaintiff suing a defendant and the defendant’s insurer in tort. See Hannabass v. Florida Home Ins. Co., 412 So.2d 376, 377 (Fla. 2d DCA 1981) (“The medical expenses ... incurred for Rhonda’s treatment were undisputed, and there is a likelihood that further scar revision will be needed.”).
Reversed and remanded.
VAN NORTWICK and PADOVANO, JJ., concur.