BENTON, J.
This workers’ compensation case asks whether penalties otherwise authorized by section 440.20(6), Florida Statutes (1997) for failure to pay “any installment of compensation ... payable without an award ... within 7 days after it became due” are foreclosed, if not demanded at an emergency conference at which entitlement to the indemnity payments themselves is established.
On or about December 28, 1998, Lori Foster filed a petition for benefits seeking temporary partial or temporary total disability benefits from October 22, 1998, and continuing, together with statutory penalties and interest. She alleged disability arising out of her employment with E G & G Florida, Inc. (E G & G) on September 9, 1997. In the pending case thus initiated, she filed a motion for emergency relief on or about March 2,1999, that alleged:
The Employee/Claimant is unable and has been unable to work since September 11, 1997, has no source of income and is suffering extreme financial hardship.
Additionally, the Employee/Claimant’s authorized treating physician and independent medical examiner have advised that the Employee/Claimant is unable to work and additional surgery is recommended. It does not appear that the Employee/Claimant will be able to return to work in the immediate future as she has not reached maximum medical improvement. The Employee/Claimant is entitled to temporary disability benefits and denial of indemnity benefits has caused extreme hardship as contemplated by Section 440.25(4)(h), Florida Statutes.
Six days after hearing the motion for emergency relief at an emergency conference on May 20, 1999, the original judge of compensation claims entered an order finding a bona fide emergency and awarding Ms. Foster temporary total disability benefits from January 21, 1999, to the date of the order and continuing. (The propriety of this ruling is not before us.) The order on the motion for emergency relief expressly reserved jurisdiction to determine entitlement to penalties and all other issues raised in Ms. Foster’s petition for benefits.
Eventually the petition for benefits itself came on for hearing before a successor judge of compensation claims. He awarded Ms. Foster temporary total disability benefits for the period from November 1, 1998, through January 20, 1999 (the day before the emergency period began), subject only to the statutory 104 week cap on temporary disability benefits. See generally § 440.15(2)(a) & (4)(b), Fla. Stat. (1997); Okeechobee Health Care v. Collins, 726 So.2d 775, 776-78 (Fla. 1st DCA 1998). Under section 440.20(6), Florida Statutes (1997), the compensation order awarded penalties and interest on the temporary *153 total disability benefit's awarded for November 1, 1998, through January 20, 1999, but did not award penalties on the temporary total disability benefits the predecessor judge of compensation claims had earlier awarded on an emergency basis for the period from January 21, 1999, to May 26,1999.
Ms. Foster then filed a motion to assess penalties on the temporary total disability benefits awarded for the period beginning January 21, 1999, relying on section 440.20(6), Florida Statutes (1997), which provides:
If any installment of compensation for ... disability ... payable without an award is not paid within 7 days after it becomes due, ... there shall be added to such unpaid installment a punitive penalty of an amount equal to 20 percent of the unpaid installment or $5, which shall be paid at the same time as, but in addition to, such installment of compensation, unless notice is filed under subsection (4) or unless such nonpayment results from conditions over which the employer or carrier had no control.
Acting on an amended motion to assess penalties, the judge of compensations claims declined to award the disputed penalties, explaining:
The wording of the Statute indicates that the issue is prosecuted before a Judge of Compensation Claims without specifically claiming the additional compensation in the nature of a penalty under this section, he will be deemed to have acknowledged that owing to conditions over which the employer or carrier had no control, such installment could not be paid within the period prescribed for payment and to have waived his right to claim such penalty. The Employee/Claimant elected to proceed under a Motion for Emergency Relief to obtain reinstatement of indemnity benefits. In seeking reinstatement of the benefits, the Claimant failed to raise in her Motion the request for imposition of penalties. Since the Claimant proceeded under § 440.25(4)(h), Florida Statutes, rather than a merit hearing and further failed to raise the issue of penalties in the Motion for Emergency Relief, that issue in effect was waived. I further find that pursuant to Statute, the Employer/Carrier had no control over the conditions that were the subject of the Emergency Relief Motion and no penalties are warranted.
Here as below, E G & G and its workers’ compensation insurance carrier, Liberty Mutual Insurance Company (Liberty Mutual), contend that Ms. Foster’s failure to ask for penalties at the emergency conference, coupled with the absence of any mention of penalties in her motion for emergency relief, precludes an award of penalties on the indemnity benefits for the period between January 21, 1999, and May 26, 1999. E G & G and Liberty Mutual rely on this statutory language:
When any installment of compensation payable without an award has not been paid within 7 days after it became due and the claimant concludes the prosecution of the claim before a judge of compensation claims without having specifically claimed additional compensation in the nature of a penalty under this section, the claimant will be deemed to have acknowledged that, owing to conditions over which the employer or carrier had no control, such installment could not be paid within the period prescribed for payment and to have waived the right to claim such penalty. However, during the course of a hearing, the judge of compensation claims shall on her or his own motion raise the question of whether such penalty should be awarded or excused.
*154 § 440.20(6), Fla. Stat. (1997) (emphasis supplied). Unpersuaded that the statute effects a waiver or precludes an award of the disputed penalties in the circumstances of the present case, we reverse the challenged portion of the order under review.
Ms. Foster did not conclude the prosecution of her indemnity benefits claim before a judge of compensation claims “without having specifically claimed additional compensation in the nature of a penalty.” § 440.20(6), Fla. Stat. (1997). She specifically set forth her claim for penalties in the petition for benefits, a claim that related to all the indemnity benefits the petition sought. The motion for emergency conference she filed later was a subsidiary pleading in a case the petition for benefits had already initiated. See generally Smurfit-Stone Container Corp. v. Taylor, 786 So.2d 1207, 1208 (Fla. 1st DCA 2001) (Benton, J., concurring) (“As written, section 440.25, Florida Statutes (1997), contemplates compliance with sections 440.191 (requiring that a request for assistance be filed before a petition for benefits is filed) and 440.192 (authorizing the filing of a petition for benefits, if the request for assistance proves unavailing for thirty days).”). Ms. Foster’s motion for emergency relief was ancillary to, not in lieu of, the petition for benefits she had previously filed. The petition for benefits placed E G & G and Liberty Mutual unambiguously on notice that she sought “specifically claimed additional compensation in the nature of a penalty” on any and all temporary disability benefits that they had failed to pay in timely fashion.
Ms. Foster did not, moreover, “conclude[ ] the prosecution of the claim,” § 440.20(6), Fla. Stat. (1997), for indemnity benefits at the emergency conference. The order on her motion for emergency relief did not bring prosecution of the claim for temporary disability benefits to an end. The order on the motion for emergency relief awarded temporary total disability benefits only from January 21, 1999, rather than from October 22, 1998, expressly leaving open any unresolved claim for benefits. The order did not fully decide or dispose of the claim for temporary total disability benefits. Ms. Foster resumed prosecution of her temporary indemnity benefits claim (and prevailed) at the merits hearing before the successor judge of compensation claims.
A clear purpose of an emergency conference is to isolate certain matters for expedited resolution because emergency circumstances require it. With this in mind, section 440.20(6) should be construed in pari materia with section 440.25(4)(h), Florida Statutes (1997). See Hertz Rent-A-Car v. Sosa, 670 So.2d 73, 75 (Fla. 1st DCA 1996); Roberts v. Gator Freightways, Inc., 538 So.2d 55, 60 (Fla. 1st DCA), approved, 550 So.2d 1117 (Fla.1989). Section 440.25(4)(h) provides:
Notwithstanding any other provision of this section, the judge of compensation claims may require the appearance of the parties and counsel before her or him without written notice for an emergency conference where there is a bona fide emergency involving the health, safety, or welfare of an employee. An emergency conference under this section may result in the entry of an order or the rendering of an adjudication by the judge of compensation claims.
An interpretation of these provisions to require the parties to litigate — perhaps without notice — (and the judge of compensation claims to adjudicate) non-emergency matters at an emergency conference has no support in precedent or in logic. See Dayco Prods. v. Rue, 676 So.2d 58, 60 (Fla. 1st DCA 1996) (holding that the “scope of the conference ... is limited by the emergency”); State-Health and Rehabilitative *155 Servs. v. Ohayagha, 659 So.2d 411, 412 (Fla. 1st DCA 1995).
Accordingly, we reverse the order under review, insofar as it declined to decide the merits of the claim for penalties for untimely payment of temporary total disability benefits for the period between January 21, 1999, and May 26, 1999, the date the order on the motion for emergency relief awarded benefits.
Reversed and remanded.
ERVIN and WEBSTER, JJ„ concur.