569 So.2d 1295 (1990)
ADVENTIST HEALTH SYSTEM/SUNBELT, INC., Etc., Petitioner,
v.
Marlene HEGWOOD, Etc., Respondent.
No. 89-1001.
District Court of Appeal of Florida, Fifth District.
October 11, 1990.
*1296 Joseph M. Taraska, of Taraska, Grower, Unger & Ketcham, P.A., Orlando, for petitioner.
William T. Roshko and Elmo R. Hoffman, of Parker, Johnson, Owen, McGuire, Michaud, Lang & Kruppenbacher, P.A., Orlando, for respondent.
EN BANC
W. SHARP, Judge.
Adventist Health System/Sunbelt, Inc., d/b/a Florida Hospital, seeks certiorari review of a trial court's order which denied the hospital's motion to dismiss Hegwood's amended pure bill of discovery and granted Hegwood's discovery writ. The hospital argues that its compliance with section 768.57(3)(a)4, Florida Statutes (1987) excuses it from any further discovery prior to Hegwood filing a malpractice lawsuit, and that Hegwood is misusing the discovery for "fishing purposes" only, to ascertain whether or not a cause of action actually exists. We deny the writ under the circumstances of this cause, and allow the lower court's discovery orders to stand.
Hegwood sought a pure bill of discovery after her child died while being treated in the hospital. She argued that the informal discovery provided pursuant to section 768.57 was inadequate to provide her with the information necessary to obtain an expert opinion which she required in order to file a malpractice suit. She alleged:
(10) The great majority of the information sought by Plaintiff to determine whether or not Plaintiff has the grounds for an action for medical malpractice against FLORIDA HOSPITAL or other health care providers is in the care, custody and complete control of FLORIDA HOSPITAL, Orlando.
(11) The Plaintiffs are in need of an Order of this Court requiring FLORIDA HOSPITAL to present its employees having knowledge of the care and treatment of James Chesner for deposition and to respond to general discovery and to permit Plaintiff to set depositions of health care providers or laypersons who may have knowledge of the events surrounding the death of James Chesner, and to provide that FLORIDA HOSPITAL respond to general discovery on said subject matter.
Hegwood explained to the trial court that she needed to resort to a pure bill of discovery in order to ask witnesses under oath exactly what had happened during the course of her son's treatment in the hospital. The informal statutory process only allowed her to discover documents, but did not permit her to depose witnesses.[1] Earlier, the hospital took the position that Hegwood did not have the right to sworn recorded answers under the informal statutory discovery procedures. The trial court granted her bill for discovery and Hegwood gave notice she intended to depose five physicians, fourteen nurses, five respiratory specialists, and two other individuals. Some of these proposed deponents were no longer associated with or employed by the hospital, and thus they were unavailable to the hospital in the informal discovery process.
We disagree with the hospital's argument that Chapter 766 or its predecessor statute eliminate the even older common law remedy of a pure bill of discovery. Neither statute expressly prohibits discovery by alternative means. Statutes designed to supersede or modify rights provided by common law must be strictly construed *1297 and will not displace common law remedies unless such an intent is expressly declared. Arias v. State Farm Fire and Casualty Co., 426 So.2d 1136 (Fla. 1st DCA 1983). See also Johnson v. Donnelly Co., 402 So.2d 518 (Fla. 1st DCA 1981), rev. denied, 415 So.2d 1360 (Fla. 1982). The Johnson court stated:
Access to courts guarantees the continuation of common law causes of action and those causes of action may be altered only if there is a reasonable substitution which protects the person protected by the common law remedy.
We thus conclude that the medical malpractice statutes do not prevent the equity court from granting a pure bill for discovery in an appropriate case. See, e.g., First National Bank of Miami v. Dade-Broward Co., 125 Fla. 594, 171 So. 510 (Fla. 1936).
One of the functions of a bill of discovery filed against a possible or putative defendant is ... "[t]o ascertain, as a matter of equity, who an injured party may sue and under what theory." (emphasis supplied). Sunbeam Television Corporation v. Columbia Broadcasting System, Inc., 694 F. Supp. 889, 892 (S.D.Fla. 1988). The basis for the respondent's bill here is that, from a practical point of view, she needed to obtain a medical expert opinion prior to filing a medical malpractice case that reasonable grounds exist to claim negligent injury. Without additional discovery beyond that available under section 768.57, Florida Statutes (1987), she could not file a malpractice case against the petitioner hospital in connection with the death of her minor child.
Under section 768.495, Florida Statutes (1987), an attorney must incorporate into a complaint for medical malpractice a certificate of counsel that a reasonable investigation gave rise to a good faith belief that grounds exist for the action. The statute specifies that the attorney's good faith may be shown to exist if he or his client has received a written opinion of a medical expert stating that there appears to be evidence of medical negligence. Any attorney who files a medical malpractice action and is unable to obtain such a written opinion is exposing himself to the strong likelihood of personal liability for attorney's fees and costs, as well as disciplinary review by the Florida Bar. § 768.495(1), Fla. Stat. (1987). This restriction could foreclose access to the courts for parties, like Hegwood, who have apparently uncovered circumstantial evidence adequate to justify the good faith filing of a negligence action in all but medical malpractice cases.
It was made clear to the trial court that the plaintiff wanted to ask witnesses exactly what had happened during the treatment of her son in the hospital. This had not been possible through informal statutory discovery, during which the respondent asserts she was allowed discovery of documents but was unable to depose witnesses. The trial court agreed, and allowed the bill of discovery.
The consequences of interpreting the remedy of a pure bill of discovery in such a strict manner is twofold, and neither is equitable and just, nor good for our system of justice. First, respondent would be foreclosed from filing her lawsuit, a denial of access to the courts peculiar only to malpractice cases. That is fraught with constitutional problems.[2] Second, attorneys willing to accept the risk would be forced to file ill-conceived and premature malpractice cases in order to preserve their clients' rights. Allowing the pure bill of discovery as in this case could weed out groundless or frivolous law suits, to the courts' as well as the parties' best interests and advantage.
The respondent supplied the trial court with the names of persons to be deposed. That list is attached to the trial court's Writ for Discovery. To require a putative plaintiff also to detail the specific information sought to be obtained in order to obtain a bill of discovery is unrealistic and would render the bill redundant. If indeed *1298 the respondent had such specific information, she would no longer need the bill of discovery.
This case illustrates just such an unfair impasse as the flexible principles of equity evolved to prevent. Historically, courts of equity came into being in order to provide relief in accordance with the broad principles of right and justice in cases where the restrictive technicalities of the law prevent the giving of relief. Hedges v. Lysek, 84 So.2d 28 (Fla. 1955). Hegwood demonstrated she has no adequate remedy at law. Accordingly, we deny the petition for writ of certiorari.
DENIED.
DAUKSCH, COBB, COWART, GOSHORN, HARRIS, PETERSON and GRIFFIN, JJ., concur.
NOTES
[1] On page 10 of the hearing transcript, counsel for Hegwood represented to the court that:

Our doctors actually say they believe there's medical malpractice here but they can't point it out without me asking about twelve questions that they opposed me getting the answers to. And I can't get those without depositions. (emphasis added)
[2] Art. I, § 21, Fla. Const.; Aldana v. Holub, 381 So.2d 231 (Fla. 1980); Johnson v. Donnelly Co., 402 So.2d 518 (Fla. 1st DCA 1981), rev. denied, 415 So.2d 1360 (Fla. 1982); Lehmann v. Cloniger, 294 So.2d 344 (Fla. 1st DCA 1974).