728 So.2d 1177 (1998)
TRAK MICROWAVE CORPORATION, a Florida corporation, Appellant,
v.
Kenneth M. CULLEY, Appellee.
No. 97-04045.
District Court of Appeal of Florida, Second District.
September 2, 1998.
Thomas M. Gonzalez and Lydia M. Nicosia, of Thompson, Sizemore & Gonzalez, P.A., Tampa, for Appellant.
Sheila D. Turner, St. Petersburg, for Appellee.
PER CURIAM.
Trak Microwave Corporation (Trak) appeals a final judgment granting a pure bill of discovery in an action filed by Kenneth M. Culley. We reverse because Mr. Culley had already filed a federal lawsuit in which he could obtain appropriate discovery prior to the trial court's order in this case.
Mr. Culley filed an age discrimination charge against Trak with the Equal Employment Opportunity Commission (EEOC) on *1178 October 23, 1996. On December 5, 1996, he filed a complaint against Trak for a pure bill of discovery in circuit court. The complaint sought answers to more than twenty-five interrogatories, as well as the production of numerous documents. Thereafter, upon receipt of the EEOC's right to sue notice, Mr. Culley filed a federal civil action for age discrimination against Trak on May 22, 1997. While the federal action was pending, the trial court granted Mr. Culley's request for a pure bill of discovery and entered a final judgment ordering Trak to produce the requested discovery.
In the absence of an adequate legal remedy, equity has long authorized a pure bill of discovery as an appropriate remedy to obtain information such as the identity of a proper party defendant or the appropriate legal theory for relief. See First Nat'l Bank of Miami v. Dade-Broward Co., 125 Fla. 594, 171 So. 510 (1936); Adventist Health System/Sunbelt, Inc. v. Hegwood, 569 So.2d 1295 (Fla. 5th DCA 1990); Sunbeam Television Corp. v. Columbia Broadcasting System, Inc., 694 F.Supp. 889 (S.D.Fla.1988). However, a party may not utilize this mechanism to determine whether a cause of action exists or as a "fishing expedition." See National Car Rental v. Sanchez, 349 So.2d 829 (Fla. 3d DCA 1977); Mendez v. Cochran, 700 So.2d 46 (Fla. 4th DCA 1997). Because state and federal rules of civil procedure have relaxed many of the older code pleading requirements and now authorize liberal discovery, it is rare that a party has need to invoke this equitable remedy.
In this case, we have grave doubt that Mr. Culley's federal presuit investigatory tools were so inadequate as to justify state intervention through equity jurisdiction. We are also inclined to conclude that Mr. Culley's numerous interrogatories and requests for production of documents fell outside the proper scope of this equitable remedy. Among the requested items were a complete organizational chart of Trak, the line of job progression for certain departments and the entire employment file of not only department heads but also of all employees. Nevertheless, we can dispose of this case by holding that a pure bill of discovery was no longer appropriate when the plaintiff had a pending federal lawsuit in which proper discovery was readily obtainable.
We reverse and remand with instructions to dismiss the complaint.
ALTENBERND, A.C.J., and FULMER and CASANUEVA, JJ., concur.