950 So.2d 464 (2007)
DEBT SETTLEMENT ADMINISTRATORS, LLC, Petitioner,
v.
ANTIGUA AND BARBUDA, etc., et al., Respondents.
No. 3D06-1648.
District Court of Appeal of Florida, Third District.
February 14, 2007.
Proskauer Rose, and Matthew Triggs, and Gary W. Kovacs, Boca Raton, and Bruce Gorman, Jr., for petitioner.
Astigarraga Davis Mullins & Grossman, and Edward H. Davis, Jr., and Edward M. Mullins, and Arnoldo B. Lacayo, Miami, for respondents.
Before RAMIREZ, SUAREZ, and LAGOA, JJ.
SUAREZ, J.
Debt Settlement Administrators, LLC, ("Debt Settlement") petitions for a writ of certiorari to quash the trial court's order denying its motion to dismiss a complaint for a pure bill of discovery. This Court has jurisdiction. See, e.g., Megaflight, Inc. v. Lamb, 749 So.2d 594 (Fla. 5th DCA *465 2000); JM Family Enters., Inc. v. Freeman, 758 So.2d 1175 (Fla. 4th DCA 2000). We grant the Petition for Writ of Certiorari.
Prior to the filing of the instant action for a pure bill of discovery in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, respondents, the governments of Antigua and Barbuda, sued Debt Settlement in Antigua for damages and injunctive and declaratory relief for alleged fraud involving a depletion of assets from an account at Wachovia Bank in Miami. Respondents then filed the present complaint for a pure bill of discovery against Debt Settlement and Wachovia Bank in Miami-Dade County, Florida, requesting, among other things, numbers of accounts and the names on accounts involving Debt Settlement, and for enforcement of an injunctive order, issued by the Antiguan and Barbudan Supreme Court, for restraint of funds. The trial court granted the motion for enforcement. Debt Settlement moved to dismiss the complaint for a pure bill of discovery. The trial court denied respondents' motion to dismiss the action for pure bill of discovery. Debt Settlement petitioned this Court for a writ of certiorari to quash the trial court's order denying the motion to dismiss. For the following reasons, we grant the petition and quash the order.
We reject the argument of the respondents that their complaint for a pure bill of discovery is not too speculative, and that the need for additional discovery regarding the Wachovia banking activities is necessary. Here, as in Trak Microwave Corp. v. Culley, 728 So.2d 1177 (Fla. 2d DCA 1998), there is a related cause of action pending in the jurisdiction of Antigua where discovery is available to the respondents. In Trak, the second district reversed the granting of a pure bill of discovery because there existed a related cause of action for age discrimination which was pending in the federal court where discovery was readily available at the time the plaintiff filed a complaint in the circuit court for a pure bill of discovery. A pure bill of discovery is only authorized in equity in the absence of an adequate legal remedy. A pure bill of discovery is a means of obtaining information such as the identity of a proper party defendant or the appropriate legal theory on which to base relief. See Trak, 728 So.2d at 1178, and cases cited. Here, the respondents seek information regarding bank records and activities of Wachovia Bank to support the fraud investigation ongoing in the Antiguan litigation. The lengthy and detailed complaint filed in Antigua shows that the respondents already possess the names on the bank accounts involved in the investigation which are material to the filing and maintaining of the lawsuit in Antigua. Additionally, discovery can be conducted in the pending action in Antigua. Further supplementary inquiry into these same areas by means of a pure bill of discovery within the jurisdiction of Dade County serves only as a "fishing expedition," which is unauthorized where, as in this case, such discovery is otherwise readily obtainable. See Trak, 728 So.2d at 1178; see also Nat'l Car Rental v. Sanchez, 349 So.2d 829 (Fla. 3d DCA 1977); Mendez v. Cochran, 700 So.2d 46 (Fla. 4th DCA 1997).
The respondents rely upon the case of Otto's Heirs v. Kramer, 797 So.2d 594 (Fla. 3d DCA 2001), for their position in favor of the issuance of the pure bill of discovery to explore "the potential assets belonging to Debt Settlement including [those] held in unknown accounts at Wachovia Bank. . . ." The Otto's Heirs case is distinguishable in that, in Otto's Heirs, the pure bill of discovery was sought in Dade County in conjunction with a constructive *466 trust to locate and pursue Florida assets to satisfy a judgment already entered for money damages in a Swiss court. This is not the situation here, where a judgment has not been entered by the Antiguan and Barbudan court and discovery is still maintainable in that action. The facts here are more in line with the Trak decision, and we follow its holding. Therefore, we conclude that the granting of the pure bill of discovery was unauthorized and quash the order denying the motion to dismiss.
Certiorari granted. Remanded for entry of an order dismissing the cause of action for a pure bill of discovery below.