955 So.2d 28 (2007)
Bernard G. KIRLIN and The Archdiocese of Miami, Inc., Petitioners.
v.
Maria H. GREEN, Respondent.
No. 3D06-1948.
District Court of Appeal of Florida, Third District.
February 21, 2007.
Rehearing and Rehearing Denied May 9, 2007.
Gaebe Mullen Antonelli Esco & Dimatteo and Anne C. Sullivan, Coral Gables, for petitioners.
Manuel Vazquez, Coral Gables, for respondent.
Before RAMIREZ, WELLS, and LAGOA, JJ.
Rehearing and Rehearing En Banc Denied May 9, 2007.
LAGOA, Judge.
Petitioners Bernard G. Kirlin ("Kirlin"), the Archdiocese of Miami, Inc. ("the Archdiocese"), and Victor Pimentel[1] (collectively *29 "Petitioners"), seek a writ of certiorari to quash the trial court's order denying their motion to dismiss Respondent Maria H. Green's ("Green") complaint for pure bill of discovery. We grant the petition for writ of certiorari and quash the order.
I. FACTUAL HISTORY
Green filed her complaint for pure bill of discovery against Kirlin, Pimentel and the Archdiocese. Green's complaint alleges that during her employment as secretary for the Saint Augustine parish, she discovered that Kirlin had been taking monies from the parish's coffers to finance his lifestyle. Green further alleges that in response Kirlin dismissed her from her employment and notified her husband that his psychological profile would prevent him from becoming a parish deacon.
Green further alleges that a "prospective lawsuit" would be filed against Kirlin and another parishioner, Victor Pimentel, for misappropriating funds and wrongfully terminating Green. In paragraph 42 of the complaint, Green indicates that such a lawsuit would include at least the following three potential claims: (1) a claim under the Florida Whistleblower Act; (2) an accounting of the parish's financial records; and (3) a negligent supervision or retention claim against the Archdiocese. Green also indicates that she may file a derivative action on behalf of the Archdiocese if the Archdiocese "does not bring an action on its own behalf against Kirlin and Pimentel." Green alleges that the discovery she seeks "is necessary to ascertain who may be sued and under what theories." Green further states in paragraph 44 of the complaint that "[w]ithout the requested discovery, [Green] will be limited to filing a lawsuit based only on the defendants' statements and upon information and belief. If this Court grants the pure bill of discovery in this case and the discovery produced indicates that a lawsuit would be groundless or frivolous, this would serve `the courts' as well as the parties' best interests and advantage.'"
Petitioners moved to dismiss the complaint on the ground that it is improper to utilize a pure bill of discovery when a party has enough information to file a complaint, and merely seeks to avoid liability for filing a frivolous lawsuit. The trial court denied the motion to dismiss. Subsequently, the Petitioners sought a motion to stay, which the trial court denied. In the order denying the motion to stay, the trial court also ordered Petitioners to produce within forty-five (45) days the documents sought in Green's pure bill of discovery.[2]
II. STANDARD OF REVIEW
The party petitioning this Court to issue a writ of certiorari must demonstrate that the trial court departed from the essential requirements of the law, resulting in irreparable harm that cannot be adequately remedied on final appeal. Belair v. Drew, 770 So.2d 1164 (Fla.2000).
III. ANALYSIS
Although the pure bill of discovery remains part of our legal system, its use and usefulness diminished greatly when Florida relaxed its pleading requirements to authorize liberal discovery. See Trak Microwave Corp. v. Culley, 728 So.2d 1177, 1178 (Fla. 2d DCA 1998). The pure bill remains available to "identify potential defendants and theories of liability," but "may not be used `as a fishing expedition to see if causes of action exist.'" Mendez v. Cochran, 700 So.2d 46, 47 (Fla. 4th DCA 1997) quoting Publix Supermarkets, Inc. v. Frazier, 696 So.2d 1369, 1371 (Fla. 4th *30 DCA 1997). "Neither is it available simply to obtain a preview of discovery obtainable once suit is filed. Such a use of the bill places an undue burden on the court system." Mendez, 700 So.2d at 47 (citations omitted).
In this case, the trial court departed from the essential requirements of law by denying Petitioners' motion to dismiss and allowing Green to proceed with discovery on already identified causes of action against already identified defendants. Nothing in the record demonstrates a justification for Green's pure bill of discovery. Instead, it is evident from Green's own complaint that she improperly seeks to utilize the pure bill of discovery in order to determine whether sufficient evidence exists to render her causes of action viable and/or nonfrivolous. A pure bill of discovery, however, is not to be used to determine whether evidence exists to support an allegation, but rather to determine in the absence of an adequate legal remedy "the identity of a proper party defendant or the appropriate legal theory for relief." Trak Microwave Corp., 728 So.2d at 1178.
In her complaint, Green has already identified the proper party defendants and several potential causes of action: (1) the Florida Whistleblower Act; (2) an accounting; (3) negligent supervision or retention; and (4) a possible derivative action. Indeed, Green's allegation in paragraph 44 of her complaint supports the conclusion that her "only reason for seeking discovery by means of the pure bill, rather than filing a civil action against Petitioners and then proceeding with discovery in that context, is [her] reluctance to become exposed to claims for [Petitioners'] attorneys fees in filing a frivolous lawsuit without first determining what, if any, evidence supports [her] grounds for recovery." JM Family Enters., Inc. v. Freeman, 758 So.2d 1175, 1176 (Fla. 4th DCA 2000). This is not the purpose of a pure bill of discovery.
We agree with the Fourth District's decision in Freeman that allowing a pure bill of discovery under these circumstances would require allowing it "in virtually every case." This Court will not encourage that type of litigation conduct which, among other things, wastes judicial resources. If Green believes her allegations to be valid, she may file suit. However, she may not utilize the trial court's resources to go on a pre-suit "fishing expedition" to substantiate her claims. Moreover, should proper discovery lead to additional defendants and causes of action, Florida's courts allow liberal amendments to the complaint, thus relieving Green of the "necessity" to identify all parties and causes of action prior to filing suit.
Accordingly, we grant the petition, quash the order and remand to the trial court for entry of an order dismissing the complaint for pure bill of discovery as to all the Petitioners.
NOTES
[1] Pimentel filed a motion to adopt Kirlin and the Archdiocese's Petition for Writ of Certiorari, which this Court granted.
[2] This Court stayed the trial court's proceedings pending certiorari review.