LAGOA, J.
 

 Venezia Lakes Homeowners Association, Inc. (“Venezia”) appeals from a final summary judgment entered in favor of Precious Homes at Twin Lakes Property Owners Association, Inc. (“Precious Homes”) in Precious Homes’ action for a pure bill of discovery. Because the facts of this case do not meet the narrow and limited circumstances under which a pure bill of discovery is justified, we reverse.
 

 I.
 
 FACTUAL AND PROCEDURAL HISTORY
 

 Venezia and Precious Homes are adjacent homeowner association communities. Venezia is the successor-in-interest to the homeowners association known as Three Lakes Owners Association, Inc. (“Three Lakes”). Venezia’s property contains two lakes, East Lake and West Lake. Precious Homes’ subdivision abuts the West Lake.
 

 On October 9, 1998, Precious Homes entered into a cross easement agreement with Three Lakes (hereinafter the “agreement”). As Three Lakes’ successor, Vene-zia acquired all of Three Lakes’ rights and obligations under the agreement. Pursuant to the agreement, Precious Homes acquired an access easement for West Lake in exchange for payment, based on a calculation stated in the agreement, of thirty percent of the maintenance and security costs for the West Lake. In turn, Venezia
 
 *757
 
 agreed to provide to Precious Homes “[n]o later than forty-five (45) days prior to the end of each fiscal year ... the proposed ... [bjudget for the next ensuing year which shall include as a separate category, the Lake Operating Expenses.”
 

 Each year, Venezia provides Precious Homes with the approved budget for the upcoming fiscal year. In the budget, there is a separate category entitled Lake Maintenance. Under the Lake Maintenance category, there are line items for specific maintenance services. Precious Homes believes that Venezia combines the operating expenses for the West Lake and the East Lake under the Lake Maintenance category, and that Precious Homes was, and continues to be, improperly charged thirty percent of both lakes’ maintenance and security expenses, rather than thirty percent of the West Lake maintenance and security expenses. Precious Homes claims that it raised this concern to Venezia and requested copies of the service contracts related to the West Lake, and that Venezia refused to provide the contracts.
 

 As a result, Precious Homes filed a complaint for a pure bill of discovery, alleging that it is being overcharged by Venezia for the cost of maintenance and security to the West Lake. Precious Homes sought to obtain copies of certain service contracts related to the maintenance and security expenses for the West Lake. Specifically, Precious Homes alleged:
 

 10. Upon information and belief, VENEZIA LAKES charged Plaintiff PRECIOUS HOMES thirty (30%) percent of the cost of maintenance for both Venezia Lakes (West Lake) and Venezia Lakes (East Lake) for 2008.
 

 11. Upon information and belief, VENEZIA LAKES has overcharged Plaintiff PRECIOUS HOMES for the cost of maintenance of the Venezia Lakes (West Lake) for previous years, possibly dating back to 2004.
 

 12.The Plaintiff, has requested copies of the lake maintenance contracts to attempt to assess the accuracy of the subject charges in order to ensure that PRECIOUS HOMES homeowners are not, or do not continue to be overcharged by VENEZIA LAKES for maintenance. Because Plaintiff, PRECIOUS HOMES, is responsible for a portion of the expenses, it is entitled to review copies of said contracts. However, to date, Defendant, VENEZIA LAKES has refused to comply with Plaintiffs requests.
 

 11. (sic) In order to completely assess all of the expenses of PRECIOUS HOMES to ensure that the Association’s budget is prepared accurately, and homeowners are not being charged for more than their required share of the common expenses, Plaintiff requires the discovery from VENEZIA LAKES.
 

 12. (sic) Accordingly, Plaintiff has initiated this bill of discovery against VENEZIA LAKES to obtain copies of the following:
 

 (i) Copies of any and all contracts for lake security related to Venezia Lakes (West Lake) between VENEZIA LAKES and any company, contractor or individual engaged for the purpose of providing such services from 2004 to the present to Venezia Lakes (West Lake);
 

 (ii) Copies of any and all lake maintenance contracts related to services provided to Venezia Lakes (West Lake), including for lawn services and any other lake maintenance between VENEZIA LAKES and any company, contractor or individual engaged for the purpose of providing such services from 2004 to the present to Venezia Lakes (West Lake);
 

 
 *758
 
 (iii) Copies of any and all other contracts related to Venezia Lakes (West Lake).
 

 (iv) Copies of any and all contracts related to any and all alakes (sic) maintained by VENEZIA LAKES.
 

 11. (sic) The discovery that Plaintiff seeks from VENEZIA LAKES will enable PRECIOUS HOMES to fully assess the Association’s expenses in order to prepare an accurate budget, and thus, to ensure that the maintenance fees assessed to each of its homeowner members is based on an accurately prepared budget.
 

 Venezia filed its answer and affirmative defenses, in which it denied any overcharge and stated that the requested contracts do not contain sufficient detail to permit Precious Homes to make any assessment of the charges. Venezia also asserted that the complaint “is a pointless fishing expedition in an effort to annoy, embarrass and/or harass” Venezia.
 

 Both Precious Homes and Venezia moved for summary judgment. Precious Homes argued that “good cause” existed to compel Venezia to release the contracts so that it could “assess whether or not it is being properly charged for the maintenance of subject lake.” Precious Homes relied on the affidavit of Orencio Cardenas, the president of Precious Homes, who stated that the contracts were necessary only to determine if it had been overcharged by Venezia.
 

 In its motion, Venezia did not dispute the material facts and instead argued that the facts and circumstances, as alleged by Precious Homes, did not meet the standards for a pure bill of discovery. Venezia relied upon the affidavit of its property manager, Rafael Rios, who stated that the information sought by Precious Homes would not provide any information additional to that contained in the annual budget.
 

 The trial court granted Precious Homes’ motion for summary judgment, and thereafter entered an amended final summary judgment ordering Venezia to produce within forty-five days the documents sought in Precious Homes’ pure bill of discovery. This appeal follows.
 
 [1]
 

 II.
 
 ANALYSIS
 

 As this Court stated in
 
 Kirlin v. Green,
 
 955 So.2d 28, 29 (Fla. 3d DCA 2007), although a “pure bill of discovery remains part of our legal system, its use and usefulness diminished greatly when Florida relaxed its pleading requirements to authorize liberal discovery.” In the absence of an adequate legal remedy, it “may be used to identify potential defendants and theories of liability and to obtain information necessary for meeting a condition precedent to filing suit.”
 
 Mendez v. Cochran,
 
 700 So.2d 46, 47 (Fla. 4th DCA 1997);
 
 see also Debt Settlement Adm’rs, LLC v. Antigua & Barbuda,
 
 950 So.2d 464, 465 (Fla. 3d DCA 2007);
 
 JM Family Enters., Inc. v. Freeman,
 
 758 So.2d 1175, 1176 (Fla. 4th DCA 2000);
 
 Trak Microwave Corp. v. Culley,
 
 728 So.2d 1177, 1178 (Fla. 2d DCA 1998). However, a bill of discovery may not be used “as a fishing expedition to see if causes of action exist.”
 
 Publix Supermarkets, Inc. v. Frazier,
 
 696 So.2d 1369, 1371 (Fla. 4th DCA 1997). Nor is it available simply to obtain a preview of discovery obtainable once suit is filed.
 
 Mendez,
 
 700 So.2d at 47.
 

 
 *759
 
 In this case, the trial court erred in entering final judgment on the complaint for a pure bill of discovery where Precious Homes seeks the contracts only to determine if it has a cause of action, and the information contained in the sought-after contracts is relevant only to the issue of potential damages. In his deposition, Cardenas, Precious Homes’ president, testified that Precious Homes seeks the contracts in order to verify the annual budget calculations and to determine whether or not it has a cause of action. As stated above, it is well established that a pure bill of discovery does not lie to see if a cause of action exists, nor has it ever been available to aid a potential plaintiff in determining the extent of its damages. Precious Homes’ claim that it cannot determine a theory of liability when it is claiming an overcharge in violation of the agreement is without merit.
 

 In this case, Precious Homes possesses an adequate remedy at law, including, but not limited to, a claim for declaratory relief or breach of contract.
 
 [2]
 
 Parties, however, may not utilize the trial courts’ resources to go on a pre-suit “fishing expedition” to substantiate their claims or to determine the extent of their damages. “Moreover, should proper discovery lead to additional defendants and causes of action, Florida’s courts allow liberal amendments to the complaint, thus relieving [Precious Homes] of the ‘necessity’ to identify all parties and causes of action prior to filing suit.”
 
 Kirlin,
 
 955 So.2d at 30.
 

 Because this matter came before the trial court on cross motions for summary judgment, we reverse the final summary judgment entered below in favor of Precious Homes, and remand with directions for the trial court to enter final summary judgment in favor of Venezia.
 

 Reversed and remanded.
 

 [1]
 

 . This Court entered a stay pending appeal after the trial court denied Venezia’s motion for stay.
 

 [2]
 

 . Precious Homes may also seek a right of set off as to future payments in the event that an action reveals an overpayment.