ROTHENBERG, J.
Maria Pia Dalmau Yorbeck and her siblings (collectively, “the Vorbecks”) appeal from the dismissal with prejudice of their bill of discovery complaint. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Upon the death of their father, the Vor-becks inherited fifty-percent interests in two companies: Dalbeta LLC and American Postal Business Services, Inc. (collectively, “the Companies”). Eventually, the Vorbecks began to suspect that the owner of the remaining fifty-percent interests in the Companies, Diego Betancourt (“Be-tancourt”), had misappropriated the Companies’ funds. Thus, the Vorbecks filed a pure bill of discovery demanding production of the Companies’ business records and naming Betancourt as the defendant.
In their complaint, the Vorbecks alleged that they had previously requested access to the Companies’ records, but Betancourt had refused to make them available. The Vorbecks further explained that they ultimately intended to pursue a misappropriation action against Betancourt, but filed the bill of discovery first to substantiate their claims. As they stated in their complaint, “[the Vorbecks] verily believe they have a right to institute a legal action against the Defendant but cannot make such positive determination until they have possession and control of the records requested.”
Betancourt filed a motion to dismiss, arguing that the Vorbecks failed to satisfy the pleading requirements for a bill of discovery. At the hearing on the motion, Betancourt also argued that the case should be dismissed because the Vorbecks proceeded under the wrong cause of action and against the wrong defendant. Specifically, Betancourt argued that a claim under section 608.4101(2), Florida Statutes (2012), rather than a bill of discovery, was the proper cause of action, and that the Companies, rather than Betancourt, were the proper defendants.
At the conclusion of the hearing, the trial court orally granted the motion to dismiss with prejudice, stating, “I don’t think the Bill of Discovery is the right vehicle to go about what you’re talking about. I think that it’s a statutory action.” The trial court subsequently entered a written order consistent with its oral ruling. The Vorbecks did not contemporane *1145 ously object to the trial court’s dismissal with prejudice, seek leave to amend their complaint, or file a motion for rehearing or reconsideration. This appeal followed.

ANALYSIS

On appeal, the Vorbecks contend they sufficiently pleaded a viable cause of action for a bill of discovery, and, even if they did not, they are nonetheless entitled to reversal because the trial court erred in dismissing the case with prejudice. We disagree. As we more fully explain below, it is evident from the face of the complaint that the Vorbecks sought to misuse the bill of discovery as part of a “fishing expedition” to search for a cause of action, or to confirm that their suspected causes of action were viable. Further, we hold that the filing of a bill of discovery in this case was inappropriate because the Vor-becks possessed an adequate remedy at law, and did not risk being denied access to the courts. Finally, while we agree with the Vorbecks that the trial court erred in dismissing the case with prejudice, the Vorbecks failed to preserve this issue for appellate review. For these reasons, we affirm.
I. The bill of discovery was improper because the Vorbecks (1) filed it merely to substantiate their suspected claims and (2) possessed an adequate remedy at law.
The pure bill of discovery originated in equity as a mechanism for obtaining “the disclosure of facts within the defendant’s knowledge, or deeds or writings or other things in his custody, in aid of the prosecution or defense of an action pending or about to be commenced....” First Nat’l Bank of Miami v. Dade-Broward Co., 125 Fla. 594, 171 So. 510, 510-11 (1937). “[Although a ‘pure bill of discovery remains part of our legal system, its use and usefulness diminished greatly when Florida relaxed its pleading requirements to authorize liberal discovery.’ ” Venezia Lakes Homeowners Ass’n v. Precious Homes at Twin Lakes Prop. Owners Ass’n, 34 So.3d 755, 758 (Fla. 3d DCA 2010) (quoting Kirlin v. Green, 955 So.2d 28, 29 (Fla. 3d DCA 2007)). Under the current state of the law, the filing of a bill of discovery is justified only in “narrow and limited circumstances.” Venezia Lakes, 34 So.3d at 756. Specifically, a bill of discovery may be used “[i]n the absence of an adequate legal remedy ... ‘to identify potential defendants and theories of liability and to obtain information necessary for meeting a condition precedent to filing suit.’” Id. at 758 (quoting Mendez v. Cochran, 700 So.2d 46, 47 (Fla. 4th DCA 1997)).
The facts in Adventist Health System/Sunbelt, Inc. v. Hegwood, 569 So.2d 1295 (Fla. 5th DCA 1990) (en banc), illustrate one of the rare situations in which the filing of a bill of discovery is justified. In Adventist, the plaintiffs child died while being treated in a hospital. Id. at 1296. The plaintiff filed a bill of discovery seeking deposition testimony from the healthcare providers who had knowledge of her child’s death. Id. In a unanimous en banc decision, the Fifth District held that the bill of discovery was proper because the plaintiff needed the testimony to satisfy a condition precedent to filing a medical malpractice claim, but the statutory discovery procedures[1] governing such claims did not enable the plaintiff to depose the providers. Id. at 1297. Ultimately, “[without additional discovery beyond that available under section 768.57, Florida Statutes (1987), [the Mother] could not file a malpractice case against the petitioner,” and *1146 would thereby be denied access to the courts. Id. Thus, the mother lacked an adequate remedy at law, and the equitable bill of discovery was justified to preserve her cause of action. Id.
Absent a comparable set of circumstances, however, the issuance of a bill of discovery places an “undue burden” on the Florida court system. See Kirlin, 955 So.2d at 30. Accordingly, it is now well settled that a bill of discovery may not be used “as a fishing expedition to see if causes of action exist,” Venezia Lakes, 34 So.3d at 758 (quoting Publix Supermarkets, Inc. v. Frazier, 696 So.2d 1369, 1371 (Fla. 4th DCA 1997)); to substantiate one’s suspected causes of action, Kirlin, 955 So.2d at 30; or to acquire “a preview of discovery” for a prospective lawsuit. Venezia Lakes, 34 So.3d at 758.
In Kirlin, for example, a former employee of the Archdiocese of Miami, Inc. (“the Archdiocese”) filed a bill of discovery seeking production of the Archdiocese’s business records. Kirlin, 955 So.2d at 29. In the bill, the plaintiff alleged she had been wrongfully terminated when she discovered that two parishioners had misappropriated funds from the parish’s coffers. Id. She indicated that she intended to file a “prospective lawsuit” against the Archdiocese and the parishioners for the misappropriation of funds and for wrongful termination, but filed the bill of discovery first to substantiate her claims. Id. As stated in her complaint:
[ Wjithout the requested discovery, [the Plaintiff would] be limited to filing a lawsuit based only on the defendants’ statements and upon information and belief. If this Court grants the pure bill of discovery in this case and the discovery produced indicates that a lawsuit would be groundless or frivolous, this would serve the courts’ as well as the parties’ best interests....
Id.
On certiorari review, this Court held that the bill of discovery was improper because it was being used merely to substantiate the plaintiffs prospective causes of action, i.e., to determine whether sufficient evidence existed to support her allegations, or to render her suspected causes of action viable or non-frivolous:
[ I]t is evident from [the plaintiffs] own complaint that she improperly s[ought] to utilize the pure bill of discovery in order to determine whether sufficient evidence exists to render her causes of action viable and/or nonfrivolous. A pure bill of discovery, however, is not to be used to determine whether evidence exists to support an allegation
[[Image here]]
[ H]er complaint supports the conclusion that her ‘only reason for seeking discovery by means of the pure bill, rather than filing a civil action against Petitioners and then proceeding with discovery in that context, is [her] reluctance to become exposed to claims for [Petitioners’] attorneys fees in filing a frivolous lawsuit without first determining what, if any, evidence supports her grounds for recovery. This is not the purpose of a pure bill of discovery.
Id. at 30 (emphasis added). This Court also noted that the plaintiff did not lack an adequate remedy at law, stating, “[i]f [the plaintiff] believes her allegations to be valid, she may file suit. However, she may not utilize the trial court’s resources to go on a pre-suit ‘fishing expedition’ to substantiate her claims.” Id.
In this case, the record reflects the Vorbecks filed their bill of discovery to embark on the same sort of impermissible “fishing expedition” described in Kirlin. As in Kirlin, the Vorbecks suspected that *1147 Betancourt had misappropriated the Companies’ funds, and explained in their complaint that they ultimately intended to file a misappropriation action, but filed the bill of discovery first to substantiate their suspected claims, or, as they phrased it, to make “a positive determination” that their suspected claims have merit. Thus, as in Kirlin, it is evident from the face of the complaint that the Vorbecks sought to misuse the bill of discovery to “see if causes of action exist,” id. at 29, or to determine whether there is sufficient evidence to render their suspected causes of actions “viable and/or nonfrivolous.” Id. at 30. We reiterate our holding in Kirlin that “[a] pure bill of discovery ... is not to be used to determine whether evidence exists to support an allegation.” Id.
Further, we hold that this case is distinguishable from Adventist in that the Vor-becks do not lack an adequate remedy at law and do not risk being denied access to the courts. On the contrary, as in Kirlin, “[i]f [the Vorbecks] believe[ ] [their] allegations to be valid,” there is no statutory impediment precluding them from filing suit. Id. Indeed, as both Betancourt and the Vorbecks acknowledge, because the Vorbecks are shareholders or members of the Companies, they possess various statutory rights that would enable them to access the Companies’ records. See §§ 608.4101, 607.1603, Fla. Stat. (2012). For these reasons, we affirm the trial court’s determination that the Vorbecks failed to satisfy the pleading requirements for a bill of discovery.
II. The trial court erred in dismissing the case with prejudice, but the Vorbecks failed to preserve this issue for appellate review.
Despite the pleading deficiencies outlined above, we agree with the Vor-becks that the dismissal should have been without prejudice. It is well established that “a dismissal with prejudice should not be ordered without giving the plaintiff an opportunity to amend the defective pleading, unless it is apparent that the pleading cannot be amended to state a cause of action.” Kairalla v. John D. & Catherine T. MacArthur Found., 534 So.2d 774, 775 (Fla. 4th DCA 1988). “Where a party may be able to allege additional facts to support its cause of action or to support another cause of action based on a different legal theory, dismissal with prejudice is an abuse of discretion.” Kapley v. Borchers, 714 So.2d 1217, 1218 (Fla. 2d DCA 1998).
In this case, the trial court dismissed the Vorbeck’s original complaint with prejudice while simultaneously acknowledging that the Vorbecks possessed a potential statutory cause of action. Thus, it cannot be said that it was “apparent” to the trial court that the complaint could not have been amended to state a cause of action under a different legal theory, especially in light of the fact that the Vorbecks had not been given a single opportunity to do so. Indeed, the basis for Betancourt’s motion to dismiss was not that the Vorbecks lacked any cause of action, but that they proceeded under the wrong cause of action and against the wrong defendant. Accordingly, the correct course would have been to dismiss the complaint without prejudice to allow the Vorbecks a chance to amend it.
However, the Vorbecks failed to preserve this issue for appellate review. The rule of preservation, which is a keystone in our appellate process, dictates that “[i]n the absence of fundamental error, an appellate court will not consider an issue that has been raised for the first time on appeal.” Keech v. Yousef, 815 So.2d 718, 719 (Fla. 5th DCA 2002); see also Sunset Harbour Condo. Ass’n v. Robbins, 914 So.2d 925, 928 (Fla.2005) (“As a *1148 general rule, it is not appropriate for a party to raise an issue for the first time on appeal.”). As Florida courts have long recognized, “[i]n order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation..." Sunset Harbour, 914 So.2d at 928 (quoting Tillman v. State, 471 So.2d 32, 35 (Fla.1985)).
It is now well settled that the rule of preservation applies to the improper dismissal of a complaint with prejudice. See Stander v. Dispoz-O-Products. Inc., 973 So.2d 603, 605 (Fla. 4th DCA 2008) (noting that “a party who does not seek to amend in the trial court cannot raise the issue of amendment for the first time on appeal,” and holding that the plaintiff waived the right to challenge the dismissal with prejudice because when the trial court orally “announced that it was dismissing with prejudice,” the plaintiff merely responded “Thank you, your Honor,” and “did not request leave to amend the complaint, nor did plaintiff move for rehearing to amend after the order of dismissal was entered”); Jelenc v. Draper, 678 So.2d 917, 918 n. 1 (Fla. 5th DCA 1996) (“The Jelencs alternatively argue that even if dismissal was proper, it should have been without prejudice to allow them the opportunity to amend their complaint. While our disposition of the case moots this claim, we note that we would not have been able to address the claim because the record does not disclose that the Jelencs ever requested the opportunity to amend, and thus, the issue was not preserved for appellate review.”); Century 21 Admiral’s Port, Inc. v. Walker, 471 So.2d 544, 545 (Fla. 3d DCA 1985) (holding that the “appellants’ failure to seek leave to amend prior to the dismissal with prejudice or to move for rehearing requesting leave to amend, precludes consideration of the issue for the first time on appeal”); see also Thomas v. Hosp. Bd. of Dirs. of Lee Cnty., 41 So.3d 246, 255 (Fla. 2d DCA 2010). Thus, the failure to raise an issue regarding an improper dismissal with prejudice at the trial level constitutes a waiver of this issue on appeal. See Keech, 815 So.2d at 720 (“The failure to preserve an issue for appellate review constitutes a waiver of the right to seek reversal based on that error”).
In this case, the Vorbecks failed to raise any issue at the trial level with respect to the improper dismissal with prejudice, despite having had various opportunities to do so. First, the record reflects the Vor-becks did not seek leave to amend the complaint at any point during the litigation below. Further, as in Stander, the Vor-becks failed to contemporaneously object when the trial court orally pronounced that it was “going to grant the motion [to dismiss] with prejudice,” and did not file a motion for rehearing to amend after the order of dismissal was entered. Thus, the Vorbecks failed to preserve this issue for appellate review, and thereby waived their right to challenge the improper dismissal with prejudice. Because we may not consider this issue for the first time on appeal, we affirm the trial court’s dismissal with prejudice.
Affirmed.

. See § 768.57, Fla. Stat. (1987).