# Third District Court of Appeal

## State of Florida

Opinion filed February 2, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-976
Lower Tribunal No. 20-7386
_____

**RAV Bahamas Ltd., etc., et al.,**
Appellants,

vs.

**Marlin Three, LLC, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Kula & Associates, P.A., and W. Aaron Daniel and Elliot B. Kula; Bell Rosquete Reyes Esteban, PLLC, and Javier A. Reyes; Peterson, Baldor & Maranges, PLLC, and Matthew Maranges, for appellants.

Metschlaw, P.A., and Lawrence R. Metsch, for appellees.


Before LOGUE, LOBREE and BOKOR, JJ.

LOBREE, J.

Marlin Three, LLC ("Marlin Three"), Eduardo Suarez, and Armando

Alex Brana III (collectively the "Marlin Three Parties") filed a complaint for pure bill of discovery against Bimini Bay Resort Management, Ltd. ("Bimini Bay"), Jesse T. Singer, C.P.A., RAV Bahamas, Ltd. ("RAV"), and Capo Group, Inc. (collectively the "Bimini Bay Parties"). Following denial of the Bimini Bay Parties' motion for judgment on the pleadings, the trial court entered a final order granting the pure bill of discovery directing the Bimini Bay Parties to produce the documents sought in the pure bill of discovery. The Bimini Bay Parties appeal from the final order granting the pure bill of discovery. Because the Marlin Three Parties' complaint failed to state a proper cause of action for a pure bill of discovery, we reverse.

Factual and Procedural Background

Bimini Bay is the manager of the Bimini Bay Marina, Bimini, the Bahamas (the "Marina"), and RAV is the developer. The Marlin Three Parties filed a complaint for pure bill of discovery against the Bimini Bay Parties seeking "to confirm the identities of the proper defendants and the appropriate legal theories of relief." The Marlin Three Parties alleged that each "own" a boat slip in the Marina. In paragraph fourteen of the complaint, the Marlin Three Parties alleged that each would permit friends and distant family members to use the boat slips for free, while they would charge others to use the slips. The Marlin Three Parties further alleged that Bimini Bay

2

notified them in May 2019 that Articles 2(7) and 2(8) of the Boat Slip Lease would be enforced against them. A copy of an unsigned Boat Slip Lease was attached to the complaint. The relevant Articles of the Boat Slip Lease provide that the tenant covenants (1) not to "demise sublet or part with possession of the whole or any part of the Boat Slip" unless agreed to by the landlord, RAV, and (2) not to allow the benefits of the lease to be used by anyone other than immediate family, while a guest may use the slip for no more than five days provided the tenant not charge for its use. In paragraph fifteen of the complaint, the Marlin Three Parties alleged Hurricane Irma "destroyed" the Marina, and that RAV received insurance benefits for the destruction, levied special assessments against them, and rebuilt the Marina.

The Marlin Three Parties alleged they were "concerned" that (1) "their boat slip ownership rights have been violated by the policy change" described in paragraph fourteen and (2) the property insurance benefits and special assessments as set forth in paragraph fifteen "were not properly expended." The Marlin Three Parties sought the inspection of all documents the Bimini Bay Parties possessed "which, directly or indirectly, in whole or in part, pertain to the (a) policy change referred to in [paragraph] 14 of this complaint and (b) the expenditure of the funds referred in [paragraph] 15 of

this complaint."

The Bimini Bay Parties moved to dismiss the complaint, arguing that the Marlin Three Parties did not allege facts justifying relief under a pure bill of discovery. Specifically, the Bimini Bay Parties asserted that the Marlin Three Parties have already identified Bimini Bay as the Marina's manager and RAV as the entity that received proceeds and rebuilt the Marina. The Marlin Three Parties have also already identified claims for improper enforcement of the seabed subleases and alleged misuse of funds to rebuild the Marina. Moreover, because the Marlin Three Parties have alleged a legal remedy, there is no basis for the equitable remedy of a pure bill of discovery. The Marlin Three Parties responded that they seek documents maintained by the Bimini Bay Parties in Miami for a possible civil action, "probably in the Courts of the Commonwealth of the Bahamas." They argued that the Bahamian courts "would be hard-pressed" to supervise discovery of documents maintained by the Bimini Bay Parties in Miami, whereas the Circuit Court of the Eleventh Judicial Circuit is "ideally situated" to manage discovery. The trial court denied the motions to dismiss.

The Bimini Bay Parties then answered the complaint and asserted affirmative defenses. After the case was set for a non-jury trial, the Bimini Bay Parties moved for judgment on the pleadings under Florida Rule of Civil

4

Procedure 1.140(c). The Bimini Bay Parties again argued that the Marlin Three Parties were improperly using a pure bill of discovery to confirm suspected claims where they had already identified potential defendants and theories of liability, and that the Marlin Three Parties could seek a legal remedy in the Bahamas. The Marlin Three Parties responded that they were entitled to relief by way of a pure bill of discovery "in order to obtain information and documentation which they could subsequently use to prosecute breach of contract and business tort claims in the Courts of The Bahamas."

The trial court conducted a hearing on the Bimini Bay Parties' motion for judgment on the pleadings. The Bimini Bay Parties argued that the complaint was insufficient on its face to state a pure bill of discovery. The Marlin Three Parties maintained that it was proper to utilize a pure bill of discovery to access documents located in Miami which would "probably" be used in a suit filed in a Bahamian court, conceding that "[i]f we come up dry, if there's no information there to show we have a cause of action, then we go home and that's the end of it." The Marlin Three Parties further argued that a pure bill of discovery was "the most efficient way we can utilize the resources of this court and be able to litigate down the road," asserting that if they instead have to return to the circuit court to seek ancillary support for

a Bahamian-court action, "[i]t's too expensive, it takes too long . . . . It's too much. This is the easy way to do it." At the conclusion of the hearing, the trial court stated that it was denying the motion for judgment on the pleadings and ordering the Bimini Bay Parties to produce the documents sought.[1]

The trial court subsequently entered a final order granting the pure bill of discovery. In the final order, the trial court denied the Bimini Bay Parties' motion for judgment on the pleadings, granted the Marlin Three Parties' complaint for a pure bill of discovery, and directed the Bimini Bay Parties to produce within thirty days documents "which, directly or indirectly, in whole or in part, pertain to the (a) policy change referred to in [paragraph] 14 of Plaintiffs' Complaint in this civil action; and (b) the expenditure of the funds referred to in [paragraph] 15 of Plaintiffs' Complaint in this civil action." This appeal followed, and the order was stayed pending the outcome.

Analysis

"In the absence of an adequate legal remedy, equity has long authorized a pure bill of discovery as an appropriate remedy to obtain

---

[1] Although the Marlin Three Parties had not filed a cross-motion for judgment on the pleadings, the Bimini Bay Parties agreed to the trial court's ordering production of the documents. Both sides acknowledged and represented that at a trial or a final hearing on the complaint they would merely be repeating for a third time the legal arguments made concerning the motions to dismiss and for judgment on the pleadings.

information such as the identity of a proper party defendant or the appropriate legal theory for relief." Trak Microwave Corp. v. Culley, 728 So. 2d 1177, 1178 (Fla. 2d DCA 1998). A bill of discovery may also be used "to obtain information necessary for meeting a condition precedent to filing suit." Mendez v. Cochran, 700 So. 2d 46, 47 (Fla. 4th DCA 1997). However, this Court has made clear that a pure bill of discovery does not lie "to substantiate one's suspected causes of action." Vorbeck v. Betancourt, 107 So. 3d 1142, 1146 (Fla. 3d DCA 2012); accord Venezia Lakes Homeowners Ass'n v. Precious Homes at Twin Lakes Prop. Owners Ass'n, 34 So. 3d 755, 759 (Fla. 3d DCA 2010) (reversing final summary judgment ordering appellant to produce contracts sought in appellee's pure bill of discovery where appellee sought "the contracts only to determine if it has a cause of action," and stating that parties may not use trial court's resources "to substantiate their claims" pre-suit); Kirlin v. Green, 955 So. 2d 28, 30 (Fla. 3d DCA 2007) ("A pure bill of discovery, however, is not to be used to determine whether evidence exists to support an allegation, but rather to determine in the absence of an adequate legal remedy 'the identity of a proper party defendant or the appropriate legal theory for relief.'" (quoting Trak Microwave Corp., 728 So. 2d at 1178)). "Neither is it available simply to obtain a preview of discovery obtainable once suit is filed. Such a use of the bill places an undue burden

7

on the court system." Mendez, 700 So. 2d at 47; accord Vorbeck, 107 So. 3d at 1146; Venezia Lakes Homeowners Ass'n, 34 So. 3d at 758; Kirlin, 955 So. 2d at 30.

On appeal, the Marlin Three Parties argue they are entitled to a pure bill of discovery because the documents they seek are in Miami-Dade County and they are essential to a determination whether to bring an action against the Bimini Bay Parties in a Bahamian court. Given the above well-established principles, we find the Marlin Three Parties' argument lacks merit. First, despite our repeated admonition that a pure bill of discovery may not be used to substantiate a cause of action, this is exactly what the Marlin Three Parties seek to do here. In their complaint for pure bill of discovery, the Marlin Three Parties pleaded that they sought "to *confirm* the identities of the proper defendants and the *appropriate legal theories of relief*." (emphasis added). In their response to the Bimini Bay Parties' motion for judgment on the pleadings, the Marlin Three Parties stated that they seek information "which they could subsequently use to prosecute breach of contract and business tort claims." At the hearing, the Marlin Three Parties admitted that if the documents they seek show they lack a cause of action, "then we go home and that's the end of it." Thus, "it is evident from [the Marlin Three Parties'] own complaint that [they] improperly seek[] to utilize

8

the pure bill of discovery in order to determine whether sufficient evidence exists to render [their] causes of action viable and/or nonfrivolous." Kirlin, 955 So. 2d at 30.

Second, there is no support in the law for the Marlin Three Parties' suggestion that a pure bill of discovery may be granted to facilitate what a potential plaintiff alleges is "easier" discovery of documents than that which may be available in any subsequent action brought outside the jurisdiction. Convenience has never been the bill's purpose, and a pure bill of discovery does not lie to preview discovery for a prospective action, see Vorbeck, 107 So. 3d at 1146. Notably, the Marlin Three Parties make no case that these documents are not otherwise available in "possible" future litigation filed in a Bahamian court. Cf. Debt Settlement Adm'rs, LLC v. Antigua & Barbuda, 950 So. 2d 464, 465 (Fla. 3d DCA 2007) (quashing trial court's order denying motion to dismiss complaint for pure bill of discovery filed in Eleventh Judicial Circuit for Miami-Dade County where discovery was obtainable in pending action between parties in Antigua and stating that "[a] pure bill of discovery is only authorized in equity in the absence of an adequate legal remedy").

The Marlin Three Parties rely upon this Court's opinions in GEICO Casualty Co. v. MSP Recovery Claims, 320 So. 3d 789 (Fla. 3d DCA 2021), and American Medical Systems, LLC v. MSP Recovery Claims, Series LLC,

9

290 So. 3d 548 (Fla. 3d DCA 2019), in support of their argument that a pure bill of discovery remains a valid means of obtaining information essential to commencing subsequent litigation. Their reliance on GEICO Casualty Co. and American Medical Systems is misplaced. In those cases, we dismissed petitions for writ of certiorari seeking, respectively, to quash a trial court's order denying a motion for protective order directed toward the entirety of the information sought in a pure bill of discovery action, GEICO Cas. Co., 320 So. 3d at 791, and to quash a trial court's order denying dismissal of a pure bill of discovery, Am. Med. Sys., LLC, 290 So. 3d at 549. In dismissing the petitions for writ of certiorari, this Court determined that because the non-final orders did not simultaneously order the petitioner to respond to or produce discovery, the challenged orders did not demonstrate the requisite irreparable harm for us to exercise certiorari jurisdiction. 320 So. 3d at 791; 290 So. 3d at 551. Accordingly, GEICO Casualty Co. and American Medical Systems are not applicable here, where the final order at issue grants the pure bill of discovery and also requires the Bimini Bay Parties to produce "the entirety of the documents requested in Plaintiff's Pure Bill of Discovery." While the Marlin Three Parties are correct that a pure bill of discovery is still viable "to obtain the disclosure of facts within the defendant's knowledge, or deeds or writings or other things in his custody, in aid of the prosecution or

10

defense of an action pending or about to be commenced in some other court," <u>First Nat'l Bank of Miami v. Dade-Broward Co.</u>, 171 So. 510, 510-11 (Fla. 1936), it is equally true that the bill may not be used, like here, "as a fishing expedition to see if causes of action exist," <u>Publix Supermarkets, Inc. v. Frazier</u>, 696 So. 2d 1369, 1371 (Fla. 4th DCA 1997).

Because the Marlin Three Parties' complaint for pure bill of discovery does "not meet the narrow and limited circumstances under which a pure bill of discovery is justified," we conclude that the trial court erred in entering its final order granting the pure bill of discovery directing the Bimini Bay Parties to produce and permit inspection of the documents sought in the complaint. <u>Venezia Lakes Homeowners Ass'n</u>, 34 So. 3d at 756. Accordingly, we reverse final order granting the pure bill of discovery and remand with directions to enter judgment for the Bimini Bay Parties.

Reversed and remanded with directions.