# Third District Court of Appeal

## State of Florida

Opinion filed July 5, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0384
Lower Tribunal No. 19-1538
_____

**Atrium Medical Corporation, et al.,**
Petitioners,

vs.

**MSP Recovery Claims, Series, LLC, et al.,**
Respondents.

A Case of Original Jurisdiction – Mandamus.

Squire Patton Boggs (US) LLP, and Andrew R. Kruppa and Amanda E. Preston, for petitioners.

MSP Recovery Law Firm, and Aida M. Landa and Janpaul Portal , for respondents.

Before HENDON, MILLER and BOKOR, JJ.

BOKOR, J.

Petitioners Atrium Medical Corporation and Maquet Cardiovascular US Sales, LLC (the "Medical Providers") seek a writ of mandamus to compel the trial court to enter an appealable final judgment in an action for a pure bill of discovery. The trial court entered summary judgment against the Medical Providers and in favor of the MSP entities, the respondents here, disposing of the sole issue in the case. Specifically, in the operative complaint, the MSP entities sought a pure bill of discovery compelling the Medical Providers to identify certain Medicare beneficiaries implanted with pelvic mesh products sold by the Medical Providers and whose medical costs were subsequently paid by a Medicare Advantage Organization. Neither the summary judgment order nor the subsequent order denying the Medical Providers' motion for a final judgment explained the trial court's reasoning for granting the summary judgment and declining to render a final judgment. Nonetheless, because the entry of summary judgment disposed of the sole issue in the case, the Medical Providers possessed a clear legal right to entry of final judgment. The trial court had a legal duty to enter such a final judgment and, as explained below, the failure to enter the final judgment leaves the Medical Providers with no other adequate remedy, rendering mandamus relief appropriate.

We take no position on the merits of the summary judgment itself, which may be reviewed by direct appeal. See Venezia Lakes Homeowners' Ass'n, Inc. v. Precious Homes at Twin Lakes Prop. Owners Ass'n, Inc., 34 So. 3d 755, 756 (Fla. 3d DCA 2010) (reviewing direct appeal of final summary judgment granting pure bill of discovery). Nonetheless, entry of summary judgment in favor of the MSP entities concludes the judicial labor in this case, requiring the trial court to render an appealable final judgment. "In order to be entitled to a writ of mandamus the petitioner must have a clear legal right to the requested relief, the respondent must have an indisputable legal duty to perform the requested action, and the petitioner must have no other adequate remedy available." Huffman v. State, 813 So. 2d 10, 11 (Fla. 2000). Absent entry of such a final, appealable order, the Medical Providers are left in a limbo with no other adequate remedy, whereby the MSP entities get the entirety of the relief they seek in the pure bill of discovery, but the Medical Providers have no way to seek review. Under these circumstances, mandamus lies. See Maddrie v. McDonough, 945 So. 2d 573, 574 (Fla. 1st DCA 2006) ("Under appropriate circumstances, the remedy of mandamus is available to compel a lower tribunal to render an appealable order."); see also State v. Sullivan, 640 So. 2d 77, 78 (Fla. 2d DCA 1994) ("If a trial court fails or refuses to enter a written order that is needed for an appeal, counsel

3

has the remedy of filing a motion or a petition for writ of mandamus with this court to compel the trial court to enter such an order.").

Pursuant to Article V, Section 4(b)(1) of the Florida Constitution, a district court entertains "appeals, that may be taken as a matter of right, from final judgments or orders of trial courts." "A final judgment is one which ends the litigation between the parties and disposes of all issues involved such that no further action by the court will be necessary." Caufield v. Cantele, 837 So. 2d 371, 375 (Fla. 2002). Thus, "[a]n appeal from a final order is appropriate when judicial labor has ended." M.M. v. Fla. Dep't of Child. & Fams., 189 So. 3d 134, 137 (Fla. 2016); see also S.L.T. Warehouse Co. v. Webb, 304 So. 2d 97, 99 (Fla. 1974) ("[T]he test employed by the appellate court to determine finality of an order, judgment or decree is whether the order in question constitutes an end to the judicial labor in the cause, and nothing further remains to be done by the court to effectuate a termination of the cause as between the parties directly affected."); Santana v. Fla. Int'l Univ., 922 So. 2d 242, 243 (Fla. 3d DCA 2006) ("That is, an appealable final order disposes of all the issues in the case."). Moreover, it is well-established that an order which merely grants summary judgment, without more, is only appealable as a final order when no judicial labor remains to

be done by the trial court.  See, e.g., McQuaig v. Wal-Mart Stores, Inc., 789 So. 2d 1215, 1216 (Fla. 1st DCA 2001).

Here, the MSP entities argue that mandamus is inappropriate because a final judgment would be premature.  The MSP entities assert that judicial labor remains outstanding because the Medical Providers have not yet provided the discovery encompassed by the pure bill (and ostensibly ordered by the trial court in granting summary judgment in the MSP entities' favor) and the MSP entities may amend their complaint to assert new substantive causes of action upon receipt of these records.  However, a final judgment "ends the litigation between the parties and disposes of all issues involved such that no further action by the court *will be necessary*."  Caufield, 837 So. 2d at 375 (emphasis added).  As more thoroughly explained below, a pure bill of discovery isn't a fishing expedition, and the only thing necessary is a ruling on the issue at hand, that is, an order determining the scope and substance of the discovery sought.  So, the mere theoretical possibility of an amendment or future cause of action isn't a necessary part of a pure bill of discovery, and doesn't toll rendition of a required, timely final judgment.

Further, an opinion of this court on a direct appeal of a final judgment entered in a pure bill of discovery provides instruction.  In Venezia Lakes, this court reversed an amended final summary judgment entered after the

trial court granted a pure bill of discovery in favor of the plaintiff and appellee, Precious Homes. 34 So. 3d at 758. The trial court ordered production, but this court stayed the deadline to produce pending appeal, and no documents were produced before the trial court entered its appealable final judgment. See id. at 758 n.1. Venezia Lakes explained that Precious Homes "possesses an adequate remedy at law, including, but not limited to, a claim for declaratory relief or breach of contract. Parties, however, may not utilize the trial courts' resources to go on a pre-suit 'fishing expedition' to substantiate their claims or to determine the extent of their damages." Id. at 759. We take no position on the merits of any possible appeal, as the facts of each case stand on their own. However, at this stage, by failing to enter final judgment, the trial court effectively precludes the type of review the court engaged in Venezia Lakes.[1]

---

[1] Venezia Lakes concluded that the trial court "erred in entering final judgment on the complaint for a pure bill of discovery where Precious Homes seeks the contracts only to determine if it has a cause of action, and the information contained in the sought-after contracts is relevant only to the issue of potential damages." Id. The error occurred because "it is well established that a pure bill of discovery does not lie to see if a cause of action exists, nor has it ever been available to aid a potential plaintiff in determining the extent of its damages." Id. By failing to enter final judgment, the trial court here precludes this court from the ability to review the discovery awarded to determine if it seeks "to identify potential defendants and theories of liability and to obtain information necessary for meeting a condition precedent to filing suit" or amounts to an inappropriate "fishing expedition to see if causes of action exist" or impermissible "preview of discovery

Just as in <u>Venezia Lakes</u>, the *entry* of a pure bill (i.e., granting the relief requested in a pure bill of discovery)—not the *execution (*i.e., the production of the documents)—completes the trial court's labor. Because the pure bill was the only remedy sought in the MSP entities' operative complaint, the fact that the Medical Providers have not yet produced the documents doesn't impact the finality of the summary judgment order. The trial court was thus required to render a final judgment within a "reasonable time" after entry of the summary judgment order. <u>See</u> Fla. R. Gen. Prac. & Jud. Admin. 2.215(f) ("Every judge has a duty to rule upon and announce an order or judgment on every matter submitted to that judge within a reasonable time.").[2]

Petition granted.

---

obtainable once suit is filed." <u>Id.</u> at 758 (quoting in part <u>Publix Supermarkets, Inc. v. Frazier</u>, 696 So. 2d 1369, 1371 (Fla. 4th DCA 1997), and citing <u>Mendez v. Cochran</u>, 700 So. 2d 46, 47 (Fla. 4th DCA 1997)).

[2] While unnecessary for our decision here, we note that the recent amendments to Florida Rule of Civil Procedure 1.510(a) mandates that a trial court "*shall* state on the record the reasons for granting or denying the [summary judgment] motion." (emphasis added). Thus, a summary judgment order shall state "the reason for its decision with enough specificity to provide useful guidance to the parties and, if necessary, to allow for appellate review." <u>In re Amends. to Fla. Rule of Civ. Proc. 1.510</u>, 317 So. 3d 72, 77 (Fla. 2021); <u>see</u> <u>also</u> <u>Jones v. Ervolino</u>, 339 So. 3d 473, 475 (Fla. 3d DCA 2022) ("A mere pronouncement the court has granted or denied such a motion fails to comply with [Fla. R. Civ. P. 1.510] as it does not contain reasons for granting or denying the motion.").